Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3008
Facsimile:  (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> IL FORNAIO (AMERICA) LLC; AND DOES 1-10, INCLUSIVE, <br><br> Defendants. | Case No.: <br><br> COMPLAINT - TITLE VII <br> • Sexual Harassment <br> • Retaliation <br> • Constructive Discharge <br><br> *42 U.S.C. §§ 2000e, et seq.* <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action brought by Plaintiff United States Equal Employment Opportunity Commission (the "Commission") under Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to the charging party ("Charging Party") and a class of similarly aggrieved individuals who were adversely affected by such practices. As alleged with greater particularity in paragraphs 15 through 26 below, the Commission alleges that Il Fornaio (America) LLC ("Il Fornaio" or "Defendant") subjected Charging Party and a class of aggrieved individuals to severe or pervasive sexual harassment and/or hostile work environment on the basis of sex (female); subjected Charging Party and class members to retaliation; and subjected Charging Party and some class members to constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is an agency of the United States of America charged with administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant Il Fornaio has continuously been a limited liability company doing business in the State of California and the County of Los Angeles and has continuously had at least fifteen (15) employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(1)(b), (g), and (h).

6.    Defendant owns and operates several fine dining Italian restaurants in California.

7.    All of the acts and failures to act alleged herein were duly performed and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8.    Plaintiff is ignorant of the true names and capacities of each defendant sues as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

///

///

///

## ADMINISTRATIVE PROCEDURES

9.     More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

10.     Defendant received a copy of the charge(s) of discrimination, and participated in the Commission's investigation, including by responding to requests from the Commission for a position statement, information, and documents.

11.     On January 11, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12.     The Commission engaged in conciliation communications with Defendant in order to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination on terms acceptable to the Commission. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.     On or about April 21, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15.     Since at least March 2017, Defendant has engaged in unlawful employment practices in violation of §§ 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), by subjecting Charging Party and similarly aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating hostile work environment because of sex (female). For example:

EEOC'S COMPLAINT

a.   Charging Party, a female employee, began working for Defendant in 2017 as a hostess. She worked for Defendant until May 2019, when she was forced to resign from employment due to experiencing ongoing sexual harassment by a manager and co-workers.

b.   During their employment, Charging Party and a class of similarly aggrieved individuals were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct of a sexual nature by Defendant's male supervisors. The supervisors made frequent and graphic comments to Charging Party and class members, including, but not limited to the following: discussing anal sex, making comments about employees' breasts and buttocks such as "I can see you have been working out; that ass is getting big," demanding that an employee turn around and dance for them, stating they wanted to leave their wives for employees or they wished they did not have a wife, telling an employee she would look good in a bikini, commenting "that skirt is tight," telling an employee she was "hot" and had "the nicest lips," telling an employee a restaurant table was "wet like her pussy," commenting to an employee cleaning bottles: "It's hot the way you grip that; I wish I was that bottle," making inappropriate sexual jokes, and suggesting that an employee needed to be "fucked good" and "slapped in the face" because "she would probably like it."

c.   Supervisors also engaged in other inappropriate and unwanted sexual behavior with Charging Party and class members including, but not limited to: leering at employees, rubbing genitals on an employee's back, giving an unsolicited gift of lingerie, smacking on the buttocks, groping on the buttocks and genitals, tickling on the arms, caressing

and rubbing on the back, and showing pornography to employees on a cell phone screen.

       d.    Charging Party and a class of similarly aggrieved individuals were also subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct of a sexual nature by their coworkers. The coworkers' conduct included, but was not limited to: repeatedly rubbing genitals on employees from behind, making frequent comments about employees' bodies and buttocks in English and Spanish such as "big butt," "nalgas," and "nalguitas," unwanted hugging, making lewd sexual requests (including one co-worker stating that he would like to "put" or "see" his genitals in an employee's mouth), making repeated requests for dates, inappropriately touching employees' backs and buttocks, attempting to kiss hands and cheeks, describing their own sex lives in detail and asking inappropriate questions about employees' sex lives, and asking a lesbian employee about how lesbians have sex and whether she only likes women or also older men.

16.    Charging Party and similarly aggrieved individuals complained about the harassment numerous times throughout the relevant period, but Defendant failed to take adequate steps to address the sexual harassment and misconduct.

17.    Since at least 2015, Defendant knew or should have known of the hostile work environment. The sexually charged and inappropriate actions and comments by the male supervisors and coworkers were ubiquitous, open, frequent, and consistent in nature. Such behavior and comments were often within earshot or plain sight of Defendant's other managers or supervisors.

18.    As early as 2016, Charging Party and other similarly aggrieved employees complained verbally and in writing to supervisors, management, and Human Resources personnel about the harassment and hostile work environment they endured.

19.     Despite having actual and constructive notice of the harassment described herein, Defendant failed and refused to take prompt and appropriate action to stop the harassment and the resulting hostile work environment.

20.     Defendant did not properly handle the complaints made by Charging Party and similarly aggrieved employees. For instance, following several complaints from employees against a Chef Luis Escobar, including complaints of physical groping, instead of terminating the Chef, Defendant promoted him with a raise. Additionally, Defendant received numerous complaints about male employees who were harassing class members over a period of years; yet, some of these male employees were not disciplined for years, allowing their harassment to continue. Defendant failed to monitor the workplace, failed to properly investigate and respond to complaints, and failed to implement necessary remedial measures to end the harassment.

21.     As a result of Defendant's failures to take prompt and effective remedial measures, the sexual harassment continued unabated. The harassment was unwelcome and sufficiently severe or pervasive to alter the terms and conditions of the Charging Party and other aggrieved individuals' employment and created a hostile work environment.

22.     Defendant's unlawful practices also included subjecting Charging Party and similarly aggrieved individuals to retaliation for complaining about the harassment and engaging in protected activity. For example:

        a.     Numerous aggrieved employees opposed the sexual harassment to which they were subjected by verbally complaining to management and Defendant's Human Resources department. After employees complained to Defendant, and as a result of their protected activity, supervisors retaliated against the aggrieved employees by reducing the number of shifts or hours they worked; making an employee do more burdensome work by cleaning the bar more often than other employees; refusing requests for time off; and issuing threats and

engaging in threatening behavior. Moreover, many of these aggrieved employees continued to be subjected to sexual harassment and were subjected to threats and threatening behavior by managers and coworkers as a result of their complaints.

23. Due to this ongoing retaliation, including retaliatory harassment and intimidation, the sexually hostile work environment, and the failures by Defendant to take remedial measures, Charging Party and at least one other aggrieved employee were constructively discharged. Charging Party resigned in May 2019.

24. The effect of the practices complained of above has been to deprive Charging Party and other aggrieved employees of equal employment opportunities and otherwise adversely affect their working conditions because of their sex.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party and similarly aggrieved employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices in violation of Sections 703(a) and 704(a) of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices and to ensure that it does not engage in further unlawful practices in violation of Sections 703(a) and 704(a) of Title VII.

C. Order Defendant to make the Charging Party and the class of similarly aggrieved individuals whole by providing compensation for past and future pecuniary

EEOC'S COMPLAINT

losses resulting from the unlawful practices described above, in amounts to be determined at trial.

      D.     Order Defendant to make the Charging Party and the class of similarly aggrieved individuals whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

      E.     Order Defendant to pay the Charging Party and the class of similarly aggrieved individuals punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

      F.     Order Defendant to make Charging Party and the class of similarly aggrieved individuals whole by providing appropriate backpay with interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      G.     Grant such further relief as the Court deems necessary and proper in the public interest.

      H.     Award the Commission the costs of this action.

//
//
//
//
//
//
//
//

EEOC'S COMPLAINT

1

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  August 23, 2022          Respectfully Submitted,

GWENDOLYN YOUNG REAMS,
Acting General Counsel

CHRISTOPHER LAGE,
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By:  _____
ANNA Y. PARK
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION