1  Hope Anne Case (State Bar No. 157089)
   hcase@rutan.com
2  Brian C. Sinclair (State Bar No. 180145)
   bsinclair@rutan.com
3  Adrianna A. Rubino (State Bar No. 300951)
   arubino@rutan.com
4  RUTAN & TUCKER, LLP
   18575 Jamboree Road, 9th Floor
5  Irvine, California 92612
   Telephone:  714-641-5100
6  Facsimile:  714-546-9035

7
   Attorneys for Defendant
8  IL FORNAIO (AMERICA) LLC

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 | U.S. EQUAL EMPLOYMENT               | Case No. 2:22-CV-05992-SPG-JPR
12 | OPPORTUNITY COMMISSION,             |
13 |                    Plaintiff,       | **DEFENDANT IL FORNAIO (AMERICA) LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION:**
14 |        vs.                          |
15 |                                     | 1. **TO DISMISS THE COMPLAINT, OR THE CLASS ALLEGATIONS IN THE COMPLAINT, UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6); OR**
16 | IL FORNAIO (AMERICA) LLC; AND DOES 1-10, INCLUSIVE, |
17 |                                     |
18 |                    Defendants.      | 2. **FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e)**

[Filed/lodged concurrently with Notice of Motion and Motion and [Proposed] Order]

### **Hearing**

Judge:   Hon. Sherilyn Peace Garnett
Date:    February 22, 2023
Time:    1:30 p.m.
Dept.    5C

Date Action Filed:   August 24, 2022
Trial Date:          Not Yet Set

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23
-1-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................1

II. STATEMENT OF RELEVANT FACTS ...............................................2

    A. The EEOC's Investigation .........................................................2

    B. The EEOC's Complaint In This Action.....................................3

III. LEGAL STANDARD ...........................................................................3

IV. LEGAL ARGUMENT ...........................................................................5

    A. The Complaint Should Be Dismissed Because It Fails To Specify Which Aggrieved Employees Were Subject To What Conduct..........................................................................5

        1. The Harassment Claim Lacks Sufficient Specificity ................8

        2. The Retaliation Claim Lacks Sufficient Specificity................11

        3. The Constructive Discharge Claim Lacks Sufficient Specificity ...................................................................13

    B. The "Class" Allegations Should Be Dismissed, And The Action Should Proceed Only As To The Charging Party..................15

    C. The Court Should Grant The Motion to Dismiss Without Leave To Amend...................................................................16

    D. If The Court Does Not Grant The Motion To Dismiss, It Should Require A More Definite Statement.......................................17

V. CONCLUSION .....................................................................................18

Rutan & Tucker, LLP
*attorneys at law*

962/037736-0007
18668403.5 a01/05/23

-i-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Arizona ex rel. Horne v. Geo Grp., Inc.*,
    816 F.3d 1189 (9th Cir. 2016) ........................................................................ 7, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................... 4, 11, 15

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................... 3, 4, 10, 14, 15

*EEOC v. Concentra Health Servs.*,
    496 F.3d 773 (7th Cir. 2007) ............................................................................... 8

*EEOC v. Evans Fruit Co.*,
    2012 U.S. Dist. LEXIS 169006 (E.D. Wash. Nov. 27, 2012)............................. 4

*EEOC v. Prospect Airport Servs.*,
    621 F.3d 991 (9th Cir. 2010) ............................................................................... 9

*Equal Empl. Opportunity Comm'n Sanchez v. Evans Fruit Co. Marin*,
    No. CV-10-3033-LRS, 2012 WL 12866311 (E.D. Wash. Nov. 27, 2012).. 11, 13

*Equal Empl. Opportunity Comm'n v. La Rana Haw., LLC*,
    888 F.Supp.2d 1019 (D. Haw. Aug. 22, 2012) ........................................... 10, 14

*Faragher v. City of Boca Raton*,
    524 U.S. 775 (1998) ............................................................................................. 9

*Kortan v. Cal. Youth Auth.*,
    217 F.3d 1104 (9th Cir. 2000)............................................................................. 8

*Landers v. Quality Communs., Inc.*,
    771 F.3d 638 (9th Cir. 2015)............................................................................... 4

*Leadsinger, Inc. v. BMG Music Publ'g*,
    512 F.3d 522 (9th Cir. 2008) ............................................................................. 16

Rutan & Tucker, LLP
*attorneys at law*

962/037736-0007
18668403.5 a01/05/23

-ii-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

1

**Page(s)**

2

**FEDERAL CASES (CONT.)**

3
4
5

*Mendez v. H.J. Heinz Co., L.P.*,
   No. CV 12-5652-GHK(DTBx) 2012 U.S. Dist. LEXIS 170785 (C.D. Cal. Nov.
   13, 2012) .........................................................................................................15

6
7

*Poland v. Chertoff*,
   494 F.3d 1174 (9th Cir. 2007) ........................................................................13

8

*Raad v. Fairbanks N. Star Borough*,
   323 F.3d 1185 (9th Cir. 2003) .........................................................................11

9
10

*Taylor v. Donley*,
   2012 U.S. Dist. LEXIS 11660 (E.D. Cal. Jan. 30, 2012) ..................................4

11
12
13

*U.S. EEOC v. Discovering Hidden Haw. Tours, Inc.*,
   CIVIL No. 17-00067 DWK-KSC, 2017 WL 4202156 (D. Haw. Sept. 21, 2017)
   ...........................................................................................................................9

14
15

*United States ex rel. Chunie v. Ringrose*,
   788 F.2d 638 (9th Cir. 1986) .............................................................................4

16

*Vierria v. Cal. Highway Patrol*,
   644 F. Supp. 2d 1219 (E.D. Cal. 2009) .............................................................4

17
18

**FEDERAL STATUTES**

19

Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*)
   ...................................................................................................................passim

20

**FEDERAL RULES**

21
22
23
24

Federal Rules of Civil Procedure
   Rule 8 ..............................................................................................................15
   Rule 8(a)(2) ......................................................................................................11
   Rule 12(b)(6) .................................................................................3, 4, 10, 16, 17, 18
   Rule 23 .............................................................................................................15

25
26
27
28

Rutan & Tucker, LLP
*attorneys at law*

962/037736-0007
18668403.5 a01/05/23

-iii-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

# I.      INTRODUCTION

Plaintiff United States Equal Opportunity Commission (the "EEOC") brings this action asserting three claims under Title VII for sexual harassment, retaliation, and constructive discharge, against Defendant Il Fornaio (America) LLC ("Il Fornaio") on behalf of Charging Party and a purported "class" of similarly situated aggrieved employees.  There are two overarching problems with the Complaint.

<u>First</u>, the allegations lack sufficient specificity to satisfy the *Iqbal-Twombly* pleading standard.  Il Fornaio recognizes that the Complaint includes examples of troubling comments allegedly directed at a few, unidentified women employees.  These few examples do not, however, support a claim that all of the purported class members were subjected to severe or pervasive harassment or that these incidents occurred during the applicable statute of limitations.   Among other things, the Complaint fails to include the following information that not only is necessary for Il Fornaio to defend against the claims, but also to satisfy the pleading-plausibility requirement as to the unnamed and unidentified class members:

1.    the size of the purported class of aggrieved employees;

2.    the restaurants at which the alleged harassment occurred – Il Fornaio has 19 restaurant locations;

3.    the identities of the purportedly aggrieved employees making up the so-called "class," or at least basic information about the purportedly aggrieved employees (*e.g.*, position(s) and restaurant(s) at which they worked, dates of employment, and what actually happened to each aggrieved employee);

4.    which of the purportedly aggrieved employees complained regarding the alleged harassment, when, and how;

5.    the identity of the coworkers and supervisors allegedly engaging in the purported harassing and retaliatory conduct and at which restaurant locations and divisions (*i.e.*, front or back of the house) they worked;

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23                    -1-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

6.    which of the purportedly aggrieved employees – if any – allegedly resigned as a result of the alleged harassment or retaliation, and did any report the harassment and retaliation before resigning; and

7.    the timeframes during which the purportedly aggrieved employees worked or the timeframes when the purported harassment/retaliation occurred, so that Il Fornaio can properly analyze statute of limitations defenses – in fact, the Complaint includes several conflicting timeframes, none of which are specific to any particular aggrieved employee.

Indeed, in the entire Complaint, the specifics relate only to the Charging Party and one management employee, Chef Luis Escobar, who is named as an alleged manager who engaged in harassing conduct.  Beyond this, the allegations are generalized, combined allegations that purport to apply equally to all class members, but fail to identify what specifically happened to any class member.  Given this complete lack of factual detail and substance, the Complaint does not sufficiently allege any plausible claim on behalf of the class under the *Twombly/Iqbal* standard, and this also renders the Complaint vague and indefinite.

<u>Second</u>, because the EEOC fails to provide specifics, the Complaint is too vague and ambiguous to permit Il Fornaio to reasonably frame a responsive pleading.  For example, if Il Fornaio does not know what specifically happened to aggrieved employees, it cannot reasonably be expected to admit or deny the allegations in the Complaint, justifying a more definite statement.

For these reasons, the Complaint should be dismissed or the Court should require the EEOC to provide a more definitive statement.

## II.    STATEMENT OF RELEVANT FACTS

### A.    The EEOC's Investigation

Il Fornaio owns and operates 19 full-service fine dining restaurants (17 of which are in California, 2 of which are in Nevada), serving premium quality Italian cuisine based on authentic regional Italian recipes.

Rutan & Tucker, LLP
*attorneys at law*

962/037736-0007
18668403.5 a01/05/23

-2-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

1    On October 7, 2019, a former employee of Il Fornaio (the "Charging Party")

2  filed a Charge of Discrimination with the EEOC.  More than two years later, the

3  EEOC issued a Letter of Determination on January 11, 2022, finding that there was

4  reasonable cause to believe the Charging Party and an *unidentified* class of similarly

5  situated individuals were sexually harassed, retaliated against, and/or constructively

6  discharged during their employment with Il Fornaio.

7    **B.    The EEOC's Complaint In This Action**

8    The EEOC filed this action on August 24, 2022.  The Complaint asserts three

9  causes of action under Title VII for:  (1) Sexual Harassment; (2) Retaliation; and

10  (3) Constructive Discharge.  The claims are brought on behalf of the Charging Party

11  and "a class of similarly aggrieved individuals who were adversely affected by such

12  practices."  (*See* Compl. [Dkt. No. 1], Nature of the Action.)  The EEOC offers

13  various allegations of misconduct, but the allegations are non-specific and

14  aggregated with respect to all aggrieved employees.

15    Therefore,  Il Fornaio finds itself in the same position as it was in during the

16  conciliation process – once again lacking the necessary facts to reasonably respond

17  to the EEOC's allegations.  For these reasons, as more fully explained below, the

18  Complaint should be dismissed or the EEOC should be required to provide a more

19  definite statement that would allow Il Fornaio to properly respond to the allegations

20  in the Complaint.

21  **III.    LEGAL STANDARD**

22    Under Federal Rules of Civil Procedure, rule 12(b)(6), a party may move to

23  dismiss for failure to state a claim upon which relief can be granted, and a complaint

24  may be dismissed on this basis for two reasons: (1) lack of a cognizable legal theory;

25  or (2) the absence of sufficient facts alleged under a cognizable legal theory.  *See*

26  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988), overruled on

27  other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007).

28    To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts

Rutan & Tucker, LLP
*attorneys at law*

962/037736-0007
18668403.5 a01/05/23                              -3-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

1  sufficient to demonstrate her claims for relief are plausible on their face.  *Landers v.*
2  *Quality Communs., Inc.*, 771 F.3d 638, 641 (9th Cir. 2015); *Bell Atl. Corp. v.*
3  *Twombly*, 550 U.S. 544, 570 (2007).  "A pleading that offers 'labels and conclusions'
4  or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does
5  a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual
6  enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).
7  "Where a complaint pleads facts that are 'merely consistent with' a defendant's
8  liability, it 'stops short of the line between possibility and plausibility of entitlement
9  to relief." *Id.*

10  The United States Supreme Court has made clear that, in order to survive a
11  Rule 12(b)(6) motion, a plaintiff must do much more than rely on "an unadorned,
12  the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 677, *citing*
13  *Twombly*, 550 U.S. at 555.  While a "court is bound to give the plaintiff the benefit
14  of every reasonable inference to be drawn from the 'well-pleaded' allegations of the
15  complaint[,] . . . it is inappropriate to assume that the plaintiff 'can prove facts which
16  it has not alleged or that the defendants have violated the . . . laws in ways that have
17  not been alleged." *Vierria v. Cal. Highway Patrol*, 644 F. Supp. 2d 1219, 1231 (E.D.
18  Cal. 2009), *quoting United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2
19  (9th Cir. 1986).

20  While the EEOC is given some latitude in alleging class claims under Section
21  706 of Title VII, it is not given the latitude it seeks in this Complaint.  *See, e.g.*,
22  *Taylor v. Donley*, 2012 U.S. Dist. LEXIS 11660, *44 (E.D. Cal. Jan. 30, 2012)
23  ("[T]he court finds that to the extent plaintiff has attempted to state a hostile work
24  environment claim, the allegations of her second amended complaint are simply too
25  vague and conclusory to state a claim upon which relief can be granted. In this
26  regard, in her second amended complaint plaintiff fails to name the individual or
27  individuals involved in the alleged actions and fails to provide the date on which any
28  alleged incident occurred."); *EEOC v. Evans Fruit Co.*, 2012 U.S. Dist. LEXIS

Rutan & Tucker, LLP
*attorneys at law*

962/037736-0007
18668403.5 a01/05/23                        -4-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

169006, *11 (E.D. Wash. Nov. 27, 2012) (rejecting the EEOC's attempt to "improperly 'aggregate' the claims of all the charging parties and the class members" regardless of whether the class members were personally subjected to the alleged misconduct).

## IV.   LEGAL ARGUMENT

### A.   The Complaint Should Be Dismissed Because It Fails To Specify Which Aggrieved Employees Were Subject To What Conduct.

The Charge of Discrimination was filed with the EEOC in October 2019.  In the ensuing three years, the EEOC has refused to disclose to Il Fornaio any specifics relating to any aggrieved employee, other than the Charging Party.  The Complaint also fails in this regard.

While the EEOC provides examples of allegedly harassing and retaliatory conduct, the EEOC provides no facts reflecting which aggrieved employees were subjected to what conduct, instead attempting to meet its pleading burden by lumping all the class members together as if they were all subjected to identical conduct.  The following summary, which applies equally to each of the unknown and unidentified aggrieved employees in the Complaint, illustrates the overarching deficiency with the Complaint.

*Deficiencies Concerning Unknown And Unidentified Aggrieved Employee.* The Complaint does not identify where each aggrieved employee worked, what or when harassing comments were made to the aggrieved employee and whether those comments rise to the level of severe or pervasive conduct, who made the comments to the aggrieved employee (a manager or coworker, to whom different standards apply), to whom and when the aggrieved employee complained about the alleged harassing behavior, whether the aggrieved employee was subjected to any of the retaliatory conduct alleged in the Complaint, whether the aggrieved employee was subjected to intolerable working conditions, leading to her constructive

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23

-5-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

1    discharge, if and when the aggrieved employee resigned her employment,

2    and whether any of the conduct to which unknown aggrieved employee

3    was subjected falls within the statute of limitations.

4    *See generally* Compl. [Dkt. No. 1].

5    Il Fornaio recognizes that the EEOC does not have to identify aggrieved

6    employees by name in the Complaint, but it must offer sufficient facts to demonstrate

7    that each aggrieved employee has claims that are plausible on their face.  It is not

8    sufficient to lump all claimants together in aggregated allegations asserting that

9    "Charging Party and class members" were all subjected to the identical unlawful

10   conduct, without specifying the specific conduct to which each claimant was

11   subjected.  By lumping all claimants together in the allegations, the Complaint

12   requires Il Fornaio and the Court to make unwarranted deductions that all of the

13   claimants regardless of their positions, locations or management chain were

14   subjected to identical conduct regardless of their specific circumstances.

15   The EEOC does not allege the most basic information about the alleged class,

16   such as how many aggrieved employees make up the class, at which restaurant

17   location(s) those aggrieved employees worked, under which manager(s) they

18   worked, and the time period during which they worked.  Instead, throughout the

19   Complaint the EEOC just refers to the "similarly aggrieved employees" or "class of

20   similarly aggrieved individuals," and then alleges they were all subjected to the same

21   conduct.

22   Even with respect to the timeframe, the EEOC's lumping together of all

23   aggrieved employees causes confusion.  For example, the only allegation adding any

24   detail to the unknown, aggrieved employees states that "[s]ince at least March 2017,

25   Defendant has engaged in unlawful employment practices" (Compl. [Dkt. No. 1]

26   ¶ 15), suggesting some sense of time, but this allegation also does not indicate

27   whether that is a relevant time for one, or multiple, aggrieved employees and whether

28   the relevant time frames relating to the aggrieved employees and the events at issue

Rutan & Tucker, LLP
*attorneys at law*

962/037736-0007
18668403.5 a01/05/23

-6-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

overlap or differ.  The allegation specific to the Charging Party – that she "began working for Defendant in 2017" and "until May 2019" (*id.*  ¶ 15a), suggests the "March 2017" reference may pertain only to the Charging Party, such that it may not even have any connection to any of the other aggrieved employees or their particular situations.  In addition, the allegations that "[s]ince at least 2015, Defendant knew or should have known of the hostile work environment" (*id.* ¶ 17) and "[a]s early as 2016, Charging Party and other similarly aggrieved employees complained" only create further confusion and highlight the inconsistency in the Complaint as to what time period the aggrieved employees worked (whoever they may be).  (*Id.* ¶ 18.) It also creates confusion whether these aggrieved employees have claims that fall within the applicable statute of limitations.

With only limited information pertaining to the alleged class, Il Fornaio cannot discern the scope of any of the three causes of action – *i.e.*, the size of the class, the number of locations at issue, the time period at issue, and the number of management personnel allegedly implicated.  This is particularly true because the Complaint acknowledges that Il Fornaio owns several locations in California, leaving open the possibility that the allegations pertain to a single location (*i.e.*, the one the Charging Party worked at) or, quite differently, multiple locations.  (*See id.* ¶ 6 ["Defendant owns and operates several fine dining Italian restaurants in California."].)

Moreover, Il Fornaio cannot even assess whether any of the purported aggrieved individual's claims are untimely, which is a likely possibility. *See Arizona ex rel. Horne v. Geo Grp., Inc.,* 816 F.3d 1189, 1194, 1204 (9th Cir. 2016) ("the EEOC . . . may maintain their claims on behalf of aggrieved employees provided that the employee has alleged at least one act of misconduct that occurred within 300 days prior to the date the first aggrieved employee, [the charging party], filed her charge;" only "the aggrieved employees who alleged acts of discrimination, harassment, or retaliation – the kind of discriminatory conduct alleged in [the

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23                                                  -7-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

charging party's charge] – within 300 days preceding [the charging party's] initial charge have made timely claims").

The reason the EEOC does not want to provide any specificity is clear – the EEOC intends to use the lawsuit as a fishing expedition to try to find other allegedly aggrieved employees, while at the same time refusing to allow Il Fornaio to properly defend itself or the Court to tailor discovery appropriate to the claims asserted in the Complaint.  This is unacceptable under Title VII.

For these reasons, and the reasons explained more fully below, the EEOC has failed to adequately allege any of its three claims on a class basis.  *See EEOC v. Concentra Health Servs.*, 496 F.3d 773, 780-82 (7th Cir. 2007) (discussing the federal pleading standards "do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation," the EEOC being no exception: "[p]recedent confirms that a plaintiff like the EEOC alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected" – "we are unaware of any court that has approved a retaliation complaint as stripped-down as the EEOC's").  Here, as it relates to the class of allegedly aggrieved employees, the Complaint is beyond stripped-down by failing to provide specific detail as to any aggrieved employee.  This makes the claims asserted on their behalves not only indecipherable but also not plausible under federal pleading standards.

## 1.    The Harassment Claim Lacks Sufficient Specificity.

An employer is liable under Title VII for conduct giving rise to a hostile environment when the employee proves (1) that she was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that this conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.  *Horne*, 816 F.3d at 1206, *citing Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir. 2000).  "'Title VII is not a 'general civility code.'  A violation is not established

Rutan & Tucker, LLP
*attorneys at law*

962/037736-0007
18668403.5 a01/05/23

-8-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

merely by evidence showing 'a sporadic use of abusive language, [] jokes, and occasional teasing.'" *EEOC v. Prospect Airport Servs.*, 621 F.3d 991, 998 (9th Cir. 2010), *quoting Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher*, 524 U.S. at 788 (internal quotation marks omitted).

The EEOC lays out the harassment allegations in Paragraphs 15-21 of the Complaint. (*See* Compl. [Dkt. No. 1] ¶¶ 15-21.)  While these allegations collectively identify alleged harassing comments and actions, they do not identify:  (1) which of the purportedly aggrieved employees experienced which of these alleged harassing comments or actions; (2) the location(s) at which the alleged harassment occurred; (3) any of the coworkers or managers who allegedly made the statements or engaged in other inappropriate conduct, apart from identifying Chef Luis Escobar; nor (4) any concrete timeframe when the harassment allegedly occurred.

Moreover, the allegations provide no specificity as to any particular aggrieved employee, rendering the Complaint implausible as to the class.  The Complaint fails to identify how frequently any individual aggrieved employee was subjected to unwelcome conduct based on her sex or any other facts that would support a harassment claim.  For example, who allegedly said or did what to each aggrieved employee and how frequently, to indicate if the conduct rises to the level of severe or pervasive; when and during what timeframe did the conduct occur as to any particular aggrieved employee; if any aggrieved employee reported the conduct, to whom and when; did any aggrieved employee who experienced any such conduct suffer any retaliation or feel forced to resign? *See U.S. EEOC v. Discovering Hidden Haw. Tours, Inc.*, CIVIL No. 17-00067 DWK-KSC, 2017 WL 4202156, *9-10, *13 (D. Haw. Sept. 21, 2017) (granting employer's motion to dismiss harassment, retaliation, and constructive discharge claims brought by the EEOC where "[t]he alleged comments regarding 'sexual stuff' made during his recruitment and at

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23

-9-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

unspecified times and of unspecified duration during his employment d[id] not meet the legal standard for an actionable claim" – "[l]ooking at the totality of the circumstances alleged, the EEOC does not demonstrate either the severity or pervasiveness required . . . based upon the sparse factual details provided").

In this way, the Complaint is similar to the complaint filed by the EEOC in *Equal Empl. Opportunity Comm'n v. La Rana Haw., LLC*, 888 F.Supp.2d 1019 (D. Haw. Aug. 22, 2012). There the Court found that the harassment cause of action brought by the EEOC under Title VII did not survive a Rule 12(b)(6) motion to dismiss, or meet the *Twombly* standard. *Id.* at 1046. In particular and significantly, the Court found:

> "[T]he Complaint [] fails to identify dates of the alleged harassment and discrimination. Other than to allege that the relevant events took place '[s]ince at least in or about 2007,' [citation] the EEOC does not identify when the acts allegedly occurred . . . . The Complaint also offers little information regarding the identity of the alleged harassers. Other than references to 'the owner,' [citation], and 'Senor Frog's Human Resources Manager,' the remainder of the Complaint refers collectively to 'Defendant Employers,' 'management officials,' and 'employees.' Again, the EEOC cannot offer broad generalizations and must allege specifics with regard to the identities of the alleged harassers."

*Id.* at 1046-47.

The Complaint in this action suffers from the same defects as the Complaint in the *La Rana Hawaii* action. While the EEOC offers specific examples of alleged misconduct, it remains unclear whether that conduct occurred only to one aggrieved employee, two aggrieved employees, or all aggrieved employees. This is legally

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23

-10-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

deficient.  Without more specificity of the nature and frequency of the misconduct directed at a particular aggrieved employee, the Complaint merely suggests the possibility of actionable conduct based on other aggrieved employees' experiences, "the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Moreover, the EEOC cannot avoid the plausibility-pleading requirements by aggregating and mismatching the few allegations it makes across all purportedly aggrieved employees in order to state a claim.  *See Equal Empl. Opportunity Comm'n Sanchez v. Evans Fruit Co. Marin*, No. CV-10-3033-LRS, 2012 WL 12866311, at *3 (E.D. Wash. Nov. 27, 2012)(discussing the EEOC's attempt to "improperly 'aggregate' the claims of all the charging parties and the class members based on unsubstantiated rumors, hearsay, and otherwise irrelevant information . . . and regardless of whether charging parties and class members were aware of each other's personal experiences," and granting in part the employer's motion for summary judgment in action brought by the EEOC on behalf of certain female employees and a class of similarly situated female employees alleging their employer subjected them to a hostile work environment because of sex under Title VII).  In short, the harassment cause of action fails completely under *Twombly/Iqbal*.

### 2.      The Retaliation Claim Lacks Sufficient Specificity.

To state a claim for retaliation under Title VII, a plaintiff must demonstrate that:  (1) the employee engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action.  *Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185, 1197 (9th Cir. 2003).  Conduct constituting a "protected activity" includes filing a charge or complaint, testifying about an employer's alleged unlawful practices, and engaging in other activity intended to oppose an employer's discriminatory practices.  *Id.*

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23

-11-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

The factual allegations supporting the retaliation claim consist solely of the following:

- "Charging Party and similarly aggrieved individuals complained about the harassment numerous times throughout the relevant period, but Defendant failed to take adequate steps to address the sexual harassment and misconduct." (Compl. [Dkt No. 1] ¶ 16.)

- "As early as 2016, Charging Party and other similarly aggrieved employees complained verbally and in writing to supervisors, management, and Human Resources personnel about the harassment and hostile work environment they endured." (*Id.* ¶ 18.)

- "Defendant did not properly handle the complaints made by Charging Party and similarly aggrieved employees. For instance, following several complaints from employees against Chef Luis Escobar, including complaints of physical groping, instead of terminating the Chef, Defendant promoted him with a raise. Additionally, Defendant received numerous complaints about male employees who were harassing class members over a period of years; yet, some of these male employees were not disciplined for years, allowing their harassment to continue. Defendant failed to monitor the workplace, failed to properly investigate and respond to complaints, and failed to implement necessary remedial measures to end the harassment." (*Id.* ¶ 21.)

- "Defendant's unlawful practices also included subjecting Charging Party and similarly aggrieved individuals to retaliation for complaining about the harassment and engaging in protected activity. For example: a. Numerous aggrieved employees opposed the sexual harassment to which they were subjected by verbally complaining to management and Defendant's Human Resources department. After employees complained to Defendant, and as a result of their protected activity,

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23

-12-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

supervisors retaliated against the aggrieved employees *by reducing the number of shifts or hours they worked; making an employee do more burdensome work by cleaning the bar more often than other employees; refusing requests for time off; and issuing threats and engaging in threatening behavior.* Moreover, many of these aggrieved employees continued to be subjected to sexual harassment and were subjected to threats and threatening behavior by managers and coworkers as a result of their complaints." (*Id.* ¶ 22 (emphasis added).)

Once again, the Complaint, while describing generally and collectively the nature of the purported retaliatory conduct, does not identify whatsoever: (1) which class members complained; (2) how many or which class members were allegedly subject to retaliation; (3) the location(s) at which the alleged retaliation occurred; (4) any of the supervisors who allegedly engaged in these retaliatory acts; or (5) when these retaliatory acts occurred. Given the lack of all these allegations, there can be no plausible retaliation theory.

As set forth above, the EEOC cannot satisfy the federal pleading requirements by lumping together and mismatching the few allegations it makes across aggrieved employees in order to state a claim. *Evans Fruit Co.*, *supra*, 2012 WL 12866311, at *3.

### 3. The Constructive Discharge Claim Lacks Sufficient Specificity.

"Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes. The inquiry is objective: Did working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign?" *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) (internal quotation marks omitted). An employee who quits his employment without giving his employer a reasonable chance to resolve the problem has not been constructively discharged. *Id.*

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23

-13-

Case No. 2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

1  The allegations here regarding constructive discharge provide even less detail
2  than the other causes of action.  In fact, the allegations are nearly non-existent:

3    • "Due to this ongoing retaliation, including retaliatory harassment and
4       intimidation, the sexually hostile work environment, and the failures by
5       Defendant to take remedial measures, Charging Party and at least one
6       other aggrieved employee were constructively discharged.  Charging
7       Party resigned in May 2019." (Compl. [Dkt. No. 1] ¶ 23).

8  While this lone allegation identifies that the Charging Party resigned in
9  May 2019, it does not identify:  (1) any facts relating to the "at least one other
10 aggrieved employee [who was] constructively discharged;" (2) when that employee
11 resigned; (3) the location at which she worked; (4) the time period that she worked;
12 (5) any facts suggesting that aggrieved employee resigned as a result of intolerable
13 working conditions; and (6) that the aggrieved employee gave Il Fornaio notice and
14 a reasonable chance to resolve the problem prior to resigning.

15 *La Rana Hawaii, LLC* is once again instructive on this claim.  There, the
16 EEOC offered only one allegation of constructive termination under Title VII.  *La*
17 *Rana Hawaii, LLC*, *supra*, 888 F. Supp. 2d at 1047.  The Court found the single
18 allegation insufficient under *Twombly* because it did not "allege that any Claimant
19 in the present litigation suffered such intolerable working conditions that she was
20 forced to resign."  *Id.*  The court went on to explain that, "[e]ven accepting the
21 EEOC's argument that its claim of constructive discharge is part of a larger claim of
22 discrimination, the currently pled facts allege an aggregate of harassment and
23 discrimination claims and do not indicate that any female employee was subject to
24 harassment creating such intolerable working conditions that she was forced to
25 resign." *Id.*

26 The Court should find the same here as the Complaint does not allege any
27 facts supporting that the Charging Party nor any other purportedly aggrieved
28 employee (whoever she may be) either (1) experienced intolerable working

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23

-14-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

conditions, (2) resigned as a result of those conditions, or (3) gave Il Fornaio a reasonable chance to cure the situation prior to resigning. Again, this does not satisfy the specificity requirement of *Iqbal, Twombly*, or Rule 8 because it is wholly conclusory and fails to establish that any Claimant was compelled to resign. As a result, this claim, like the rest, should be dismissed.

### B.     The "Class" Allegations Should Be Dismissed, And The Action Should Proceed Only As To The Charging Party.

As set forth above, the Court should dismiss all claims asserted by the EEOC. In the alternative, the Court should dismiss the "class" claims brought on behalf of allegedly similarly situated aggrieved employees because the Complaint does not plausibly assert claims of the so-called class.

Again, the EEOC attempts to create a "class" based on what appear to be allegations of what happened primarily to the Charging Party, without separating out what happened to other unknown and unidentified aggrieved employees. This fails the plausibility standard. For example, in *Mendez v. H.J. Heinz Co., L.P.*, No. CV 12-5652-GHK(DTBx) 2012 U.S. Dist. LEXIS 170785 (C.D. Cal. Nov. 13, 2012), the plaintiffs sought to represent both a California and a nationwide class. *Id.* at *13. The *Mendez* court agreed with the defendants that "Plaintiff's class claims are factually deficient because he 'alleges no facts to demonstrate or suggest that any member of the putative class, in California or nationwide, had similar work experiences, nor could Plaintiff[,] as he alleges that he worked at the [Irvine] factory.'" *Id.* (insertions in opinion). The court held that allegations "at most show that the policies are implemented on a factory-wide basis. They do not plausibly suggest that the policies are implemented on a statewide basis in California . . . ." *Id.* at *14. Therefore, the *Mendez* court dismissed the class allegations.

While the *Mendez* court dealt with a Rule 23 class action, the same reasoning applies here – in fact, a higher standard should apply since an action by the EEOC is not a traditional class action with the same procedural safeguards. Specifically,

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23                                                      -15-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

as explained in detail above, the EEOC fails to provide any specifics with respect to any aggrieved employee – what harassing comments were made to each aggrieved employee, when, where, and by whom.  Hence, it is a stretch to say that all of the "class" of aggrieved employees were similarly situated or were subject to the same work experiences.  After more than three years after the Charging Party filed her charge of discrimination, the EEOC has yet to provide specific details supporting the Complaint as to any other individuals.  If the EEOC has such information, it should be required to allege it in the Complaint, so that Il Fornaio can reasonably respond to the allegations relating to unknown and unidentified aggrieved employees.

### C.  The Court Should Grant The Motion to Dismiss Without Leave To Amend.

If a Rule 12(b)(6) motion to dismiss is granted, a district court may, in its discretion, deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (internal quotation marks omitted).  Here, the EEOC had every chance before issuing its Letter of Determination, during the conciliation process, and before filing the Complaint to learn information to assert its claims.  Instead, more than three years after the Charging Party filed her charge of discrimination, the EEOC has yet to provide specific details supporting the Complaint as to any other individuals and is now undergoing an improper fishing expedition through the Complaint, after having been evasive in the earlier process leading up to the Complaint's filing.

The Complaint should be dismissed without leave to amend given that the EEOC has had multiple years to collect information to assert plausible claims, but instead has chosen to engage in hide-the-ball tactics.

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23
-16-
Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

**D.     If The Court Does Not Grant The Motion To Dismiss, It Should Require A More Definite Statement.**

Il Fornaio believes that it has shown that all of the claims should be dismissed as lacking plausibility.  If the Court does not, however, dismiss the claims, Il Fornaio respectfully requests that the Court require a more definite statement under Rule 12(e).  Under Rule 12(e), "[a] party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

As set forth above, instead of providing even minimal specificity regarding the circumstances applicable to each aggrieved employee, the EEOC aggregated the few allegations it makes across all of the aggrieved employees – requiring Il Fornaio to guess what actually happened to any particular employee.  Il Fornaio is left guessing (1) who was subjected to harassment and what specifically happened to those individuals; (2) when and where the alleged harassment occurred; (3) who committed the alleged harassment; (4) who complained about the alleged harassment and to whom did they complain; (5) what happened when those individuals complained; and (6) who was allegedly constructively discharged and was Il Fornaio aware of those individuals' circumstances.  In order for Il Fornaio to properly respond to the Complaint, it needs to know the actual, factual basis – to the extent there is any – relating to each aggrieved employee.  Otherwise, the EEOC can simply rely on allegations specific to one employee – the Charging Party – and apply it to all other aggrieved employees who may have worked during different time periods at different locations and experienced different working conditions.  This appears to be the EEOC's game plan, given its allegation that there may be only one allegedly aggrieved class member other than Charging Party who purportedly was constructively discharged.  (Compl. [Dkt. No. 1] ¶ 23.)  This does not provide Il Fornaio the fair notice it deserves and which the federal pleading rules require.

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23

-17-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

## V.    CONCLUSION

Il Fornaio has a right to know, and the federal pleading rules require the EEOC to plead, what happened to the aggrieved employees – particularly the unknown and unidentified employees.  The EEOC attempts to satisfy its burden by aggregating the aggrieved employees in general allegations regarding incidents that may have happened to only one or two employees.  We simply do not know, because the allegations in the Complaint are not only general but combined for all aggrieved employees.  As a result, the Complaint does not assert plausible claims on behalf of any, since it is uncertain (1) the restaurants at which the alleged harassment occurred; (2) was the employee subjected to severe or pervasive conduct; (3) did the employee complain; (4) was the employee retaliated against; (5) was the harassment directed at the aggrieved employee committed by coworkers or managers; (6) was the aggrieved employee subject to intolerable working conditions resulting in a constructive discharge; and (7) during what timeframe was the aggrieved employee allegedly harassed.

For these reasons, as more fully explained above, Il Fornaio respectfully requests that the Court grant its Rule 12(b)(6) motion to dismiss or, in the alternative, require the EEOC to provide a more definitive statement.

Dated:  January 5, 2023                                  RUTAN & TUCKER, LLP


                                                         By:_____/s/ Brian C. Sinclair_____
                                                              Brian C. Sinclair
                                                              Attorneys for Defendant
                                                              IL FORNAIO (AMERICA) LLC

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23                         -18-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Il Fornaio (America) LLC, certifies that this brief contains 5,554 words, which complies with the word limit of L.R. 11-6.1.

Dated:  January 5, 2023                    RUTAN & TUCKER, LLP


By:        /s/ Brian C. Sinclair
              Brian C. Sinclair
              Attorneys for Defendant
              IL FORNAIO (AMERICA) LLC

Rutan & Tucker, LLP
attorneys at law

962/037736-0007
18668403.5 a01/05/23                    -19-

Case No.  2:22-CV-05992-SPG-JPR
MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT