Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3090
Facsimile:  (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>IL FORNAIO AMERICA LLC, et al.,<br><br>Defendant(s). | Case No.: 2:22-cv-05992-SPG-JPR<br><br>**PLAINTIFF EEOC'S OPPOSITION TO DEFENDANT IL FORNAIO'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |
| --- | --- |

**TO THE HONORABLE DISTRICT COURT JUDGE, MAGISTRATE JUDGE, DEFENDANT, AND ALL ATTORNEYS OF RECORD:**

Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission")) submits the following Memorandum of Points and Authorities in opposition to Defendant Il Fornaio (America) LLC's ("Defendant's") Motion to Dismiss the Complaint, or the Class Allegations in the Complaint, Under Federal Rule of Civil Procedure 12(b)(6), or for a more definite statement under Federal Rule of Civil Procedure 12(e). Docket No. 12, 14 (the "Motion").

Defendant's Motion wrongly seeks to dismiss the EEOC's Complaint (Docket No. 1 (the "Complaint")) for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendant requests that the EEOC provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. The EEOC contends no more definite statement is required.

Defendant's Motion aims to hold the EEOC to a pleading standard that exceeds and stands in stark contrast to well-established federal precedent regarding the applicable pleading requirements for EEOC complaints with class allegations. As such, the EEOC respectfully requests that Defendant's Motion be denied. The specific grounds upon which the EEOC is seeking denial of Defendant's Motion are briefly summarized as follows:

1.     Defendant's Motion should be denied for failure to meet and confer in compliance with Central District Local Rule 7-3.

2.     The EEOC's Complaint sufficiently states a claim upon which relief can be granted on behalf of a class. Specifically, the Complaint alleges that Defendant, through its male supervisors and employees, violated Title VII by subjecting a class of aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating, hostile work environment because of sex (female) since March 2017. The Complaint also sufficiently pleads claims of retaliation and constructive

discharge perpetrated by Defendants and describes the relief sought by the EEOC on behalf of the public interest in enforcing Title VII and on behalf of the aggrieved employees. In conjunction with these claims, the Complaint provides detailed factual allegations, including specific examples of sexually harassing comments and conduct, adverse employment actions, and Defendants' repeated failure to remediate these unlawful employment practices. At this stage of this litigation, these allegations are sufficient to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 12. As such, Defendant's Motion to dismiss pursuant to Rule 12(b)(6) must be denied.

3. The request to dismiss class allegations must be denied because the Complaint plausibly asserts the claims of the purported class and the EEOC is not subject to the pleading requirements of Federal Rule of Civil Procedure 23. Defendant's argument for applying the reasoning of Rule 23 to dismiss the EEOC's class allegations is inapposite, as Rule 23 has no bearing on the EEOC's requirements for pleading class allegations.

4. In the alternative, if the Court grants Defendant's Motion, leave to amend should be granted because the presentation of additional facts in the EEOC's Complaint would cure any pleading deficiencies identified by Defendant. Moreover, there was no undue delay, bad faith, or dilatory motive on the part of the EEOC.

5. The EEOC's Complaint is intelligible and provides a sufficient basis for Defendant to answer the Complaint. Moreover, relief under Rule 12(e) is inappropriate because the information Defendant seeks will likely be produced in discovery. As such, the EEOC requests that Defendant's motion for a more definite statement pursuant to Rule 12(e) also be denied.

///
///
///
///

ii

1   This Opposition is based upon the Points and Authorities and pleadings and
2   papers already filed with the Court.

3

4                                          Respectfully Submitted,

5                                          U.S. EQUAL EMPLOYMENT
6                                          OPPORTUNITY COMMISSION

7

8   Date: February 1, 2023        By:   */s/ M. Aaron Neishlos*
9                                        Maurice Aaron Neishlos
                                         EEOC Trial Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

## <u>**TABLE OF CONTENTS**</u>

I.      PROCEDURAL AND FACTUAL HISTORY……………………….…..1

II.     LEGAL STANDARDS AND ARGUMENTS………………….…..…..2

    A. Defendant Has Violated the Local Rules By Failing to Meet and

       Confer Before Filing the Motion to Dismiss…………………………2

    B. The Motion To Dismiss Should Be Denied………………………..3

          i.  The EEOC's Complaint Sufficiently Pleads A Claim Upon…..3

            Which Relief Can Be Granted and it Has Plausibly Asserted

            Harassment, Retaliation, and Constructive Discharge Claims

          ii.  Motion to Dismiss Class Allegations Should Be Denied…….14

    C. In the Alternative, If the Court Grants the Motion to Dismiss, Leave to

       Amend Should Be Granted……………………………………16

    D. As the Complaint Is Intelligible and Provides a Sufficient Basis for

       Defendants to Answer the Complaint, Defendants' Motion for a More

       Definite Statement Should Be Denied………………………….17

III.    CONCLUSION………………………………………………………20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................4, 6

*Beery v. Hitachi Home Elecs. (Am.), Inc.*,
  157 F.R.D. 477 (C.D. Cal. 1993)...........................................17

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................4, 6, 17

*Broam v. Bogan*,
  320 F.3d 1023 (9th Cir. 2003) ................................................4

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) ....................................................4

*Castillo v. Norton*,
  219 F.R.D. 155 (D. Ariz. 2003) .............................................20

*E.E.O.C. v. Fam. Dollar, Inc.*,
  2008 WL 687284 (N.D. Ill. Mar. 12, 2008) ..........................7

*E.E.O.C. v. La Rana Haw., LLC*,
  888 F. Supp. 2d 1019 (D. Haw. Aug. 22, 2012).............12, 13

*E.E.O.C. v. Man Mar, Inc.*,
  2009 WL 3462217 (S.D. Fla. Oct. 22, 2009) ........................7

*E.E.O.C. v. Spoa, LLC*,
  2013 WL 5634337 (D. Md. Oct. 15, 2013) ............................10

*E.E.O.C. v. United Parcel Serv., Inc.*,
  2013 WL 140604 (N.D. Ill. Jan. 11, 2013)....................7, 8, 11

*E.E.O.C. v. Waffle House, Inc.*,
  534 U.S. 279 (2002)................................................................5

v

*EEOC v. 5042 Holdings Ltd.*,
 2010 WL 148085 (N.D. W. Va. Jan. 11, 2010)..................................................8, 11

*Equal Emp. Opp. Comm'n Sanchez v. Evans Fruit Co., Inc. Marin*,
 2012 WL 12866311 (E.D. Wash. Nov. 27, 2012) ...............................................12

*Equal Emp. Opp. Comm'n v. Geisinger Health*,
 2022 WL 10208553 (E.D. Pa. Oct. 17, 2022) ...........................................7, 8, 11

*Equal Emp. Opp. Comm'n v. JBS USA, LLC*,
 481 F. Supp. 3d 1204 (D. Colo. 2020)..............................................................8, 11

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
 525 F. Supp. 940 (E.D. Cal. 1981) .........................................................................19

*Gen. Tel. Co. of the Nw., Inc. v. Equal Emp. Opp. Comm'n*,
 446 U.S. 318 (1980)..................................................................................................15

*Gilligan v. Jamco Dev. Corp.*,
 108 F.3d 246 (9th Cir. 1997) .....................................................................................4

*Arizona ex rel. Horne v. Geo Grp., Inc.*,
 816 F.3d 1189 (9th Cir. 2016) ...................................................................................5

*Lopez v. Smith*,
 203 F.3d 1122 (9th Cir. 2000)..................................................................................16

*Manning v. Dimech*,
 2015 WL 9581795 (C.D. Cal. Dec. 30, 2015)......................................................2, 3

*In re Marino*,
 37 F.3d 1354 (9th Cir. 1994) ...................................................................................15

*Mendez v. H.J. Heinz Co., L.P.*,
 2012 WL 12888526 (C.D. Cal. Nov. 13, 2012) ......................................................15

*Munoz-Guzman v. Humberto's Mexican Food*,
 2018 WL 8803946 (C.D. Cal. Dec. 4, 2018)............................................................2

*Navarro v. Block*,
 250 F.3d 729 (9th Cir. 2001) .....................................................................................4

*Neveau v. City of Fresno*,
   392 F.Supp.2d 1159 (E.D. Cal. 2005) ............................................................18, 19

*Parks Sch. of Bus., Inc., v. Symington*,
   51 F.3d 1480 (9th Cir. 1995) ............................................................4

*Sagan v. Apple Comp., Inc.*,
   874 F. Supp. 1072 (C.D. Cal. 1994) ............................................17, 18, 19

*San Bernardino Pub. Emps. Ass'n v. Stout*,
   946 F. Supp. 790 (C.D. Cal. 1996) ............................................17, 18

*Superbalife, Int'l v. Powerpay*,
   2008 WL 4559752 (C.D. Cal. Oct. 7, 2008) ............................................2

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ............................................6

*U.S. E.E.O.C. v. Farmers Ins. Co.*,
   24 F. Supp. 3d 956 (E.D. Cal. 2014) ............................................7, 14, 18, 19

*U.S. E.E.O.C. v. Pioneer Hotel, Inc.*,
   2013 WL 3716447 (D. Nev. July 15, 2013) ............................................*passim*

*U.S. Equal Emp. Opp. Comm'n v. Bay Club Fairbanks Ranch, LLC*,
   2019 WL 414518 (S.D. Cal. Feb. 1, 2019) ............................................11

*U.S. Equal Emp. Opp. Comm'n v. Dillard's Inc.*,
   2011 WL 2784516 (S.D. Cal. July 14, 2011) ............................................19

*U.S. Equal Emp. Opp. Comm'n v. Discovering Hidden Haw. Tours, Inc.*,
   2017 WL 4202156 (D. Haw. Sept. 21, 2017) ............................................13

*U.S. Equal Emp. Opp. Comm'n v. Justin Vineyards & Winery LLC, et al.*,
   Case No. 22-cv-6039-PA, Docket No. 36 (C.D. Cal. Jan. 22, 2023)...7, 8, 11, 19

*U.S. Equal Emp. Opp. Comm'n v. Marquez Bros. Int'l Inc.*,
   2017 WL 4123915 (E.D. Cal. Sept. 18, 2017) ............................................7

vii

*United States v. Redwood City,*
  640 F.2d 963 (9th Cir. 1981) ...................................................................4

*United States v. Sequel Contractors, Inc.,*
  402 F. Supp. 2d 1142 (C.D. Cal. 2005) ..........................................17, 18

*Voggenthaler v. Md. Square, LLC,*
  2010 WL 2998253 (D. Nev. July 22, 2010) ...................................18, 19

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.,*
  505 F. Supp. 2d 609 (N.D. Cal. 2007)....................................................15

**Other Authorities**

FED. R. CIV. P.  8(a).....................................................................................4

FED. R. CIV. P. 8(e).....................................................................................17

FED. R. CIV. P. Rule 12(b)(6) .....................................................................3

FED. R. CIV. P. Rule 12(e)                                         17, 18, 19

Local Rule 7-3.........................................................................................2, 3

viii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      PROCEDURAL AND FACTUAL HISTORY

On August 24, 2022, the EEOC filed this action on behalf a charging party ("Charging Party") and a class of similarly aggrieved individuals under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991. Docket No. 1. The EEOC brought suit to address and remedy the unlawful employment practices engaged in by Defendant Il Fornaio (America) LLC. *Id.* In the Complaint, the EEOC asserts that Defendants engaged in unlawful employment practices, including sexual harassment, retaliation, and/or constructive discharge in violation of Title VII. *Id.* at 1, 3-7. Specifically, the EEOC pleads that Defendant, since at least March 2017, has been subjecting Charging Party and a class of similarly aggrieved employees to ongoing unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating hostile work environment because of sex (female). *Id.* at 3. The Complaint also alleges that Defendant subjected Charging Party and the aggrieved employees to retaliation for engaging in protected activity. *Id.* at 6-7. The Complaint further alleges that due to this ongoing sexually hostile work environment and retaliation, and Defendant's failure to take remedial measures, Defendant subjected Charging Party and at least one other aggrieved employee to constructive discharge. *Id.* at 7. The Complaint further seeks monetary and injunctive relief on behalf of the class of aggrieved employees and in the public interest and. *Id.* at 7-8.

In response to the EEOC's Complaint, Defendant filed its Motion to Dismiss, or in the Alternative, for a More Definite Statement ("Defendant's Motion" or the "Motion") on January 5, 2023. (Docket. No. 12.)

//

//

//

//

## II.    LEGAL STANDARDS AND ARGUMENTS

### A. Defendant Has Violated the Local Rules By Failing to Meet and Confer Before Filing the Motion to Dismiss

Defendant's Motion should be denied for failure to meet and confer with the EEOC prior to filing. Pursuant to Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. The Court may refuse to consider a motion for failure to comply with the Local Rules. *See, e.g.*, *Manning v. Dimech*, 2015 WL 9581795, at *3 (C.D. Cal. Dec. 30, 2015). Courts in the Central District have denied a defendant's motion to dismiss for the parties' failure to meet and confer before filing. *See, e.g.*, *Superbalife, Int'l v. Powerpay*, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7, 2008) (denying motion to dismiss where there is no evidence that parties met and conferred in good faith and the court was "unwilling to excuse non-compliance with the Local Rules"); *Munoz-Guzman v. Humberto's Mexican Food*, 2018 WL 8803946, at *1-*2 (C.D. Cal. Dec. 4, 2018) (denying motion to dismiss because defendant "has not properly complied with the meet-and-confer requirement").

In its Motion, Defendant briefly states that it met and conferred with the EEOC on November 28, 2022, in compliance with the Local Rules before filing its Motion. Docket No. 12 at 2. However, the facts clearly demonstrate that Defendant never met and conferred with the EEOC to discuss the issues it now presents. On November 28, 2022, the Parties communicated to discuss the EEOC's Complaint; Defendant's counsel inquired whether the EEOC would informally provide additional information relating to the claims at issue in the action, and the EEOC requested that Defendant's counsel send a list of information it sought. Neishlos Decl. ¶ 4. Defendant's counsel mentioned in passing that Defendant may consider filing a motion to dismiss and/or motion to stay for failure to conciliate; however, the Parties never discussed the substance of any prospective motion to dismiss, such

2

PLATINFF EEOC'S OPPOSITION TO DEFENDANT IL FORNAIO'S MOTION TO
DIMSISS, OR IN THE ALTNERAIVE, FOR A MORE DEFINITE STATEMENT

as which information Defendant contended was required to be in the Complaint. Rather, Defendant requested further information beyond what was in the Complaint, but specifically linked this to his endeavors to evaluate his client's potential exposure, not to rectify any failure to meet the pleading standard. Beyond his passing remark, Defendant's counsel merely requested that the EEOC stipulate to a 15-day extension to respond to the Complaint to facilitate an informal exchange of information. *Id*. The following day, Defendant's counsel emailed the EEOC with the information he sought and attached a stipulated extension request. Neishlos Decl. ¶ 5 & Ex A. The EEOC agreed to sign the stipulation. Docket No. 10.

Between December 2, 2022 and January 5, 2023, the Parties exchanged correspondence discussing various issues relating to the progress of litigation. *See* Neishlos Decl. ¶ 6. However, Defense counsel never again alluded to the potential motions he briefly mentioned during the November 28, 2022 conversation—much less did he discuss the issues those motions might present to the Court. In sum, the EEOC was never given an opportunity to informally resolve this motion. The EEOC was surprised when, rather than an Answer, on the evening of January 5, 2023, Defendant filed its Motion. Docket No. 12-14.

The Local Rules require the Parties to discuss substance of the contemplated motion and any potential resolution. C.D. Cal. L.R. 7-3. Defendant has not done so. For the foregoing reasons, the Motion must be denied for failure to meet and confer prior to filing. *See Manning*, 2015 WL 9581795, at *3.

**B. The Motion To Dismiss Should Be Denied**

    **i.  The EEOC's Complaint Sufficiently Pleads A Claim Upon Which Relief Can Be Granted and it Has Plausibly Asserted Harassment, Retaliation, and Constructive Discharge Claims**

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, a complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a). In considering whether a plaintiff has sufficiently stated a claim, the Court must accept all factual allegations pleaded in the complaint as true and must draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir. 1996). To survive a Rule 12(b)(6) motion, a complaint need not contain detailed factual allegations; rather, it must only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). *See, e.g.*, *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation mark omitted). The court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *see also Parks Sch. of Bus., Inc., v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "Under this rule it is only the extraordinary case in which dismissal is proper." *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *see also Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

In this case, Defendant moves the Court to dismiss the EEOC's Complaint alleging that the EEOC has failed to specify which aggrieved employees were subject to which conduct. Specifically, Defendant suggests that the EEOC must plead a list of allegations in its Complaint, including: "where each aggrieved

employee worked, what or when harassing comments were made to the aggrieved employee and whether those comments rise to the level of severe or pervasive conduct, who made the comments to the aggrieved employee (a manager or coworker, to whom different standards apply), to whom and when the aggrieved employee complained about the alleged harassing behavior, whether the aggrieved employee was subjected to any of the retaliatory conduct alleged in the Complaint, whether the aggrieved employee was subjected to intolerable working conditions, leading to her constructive discharge, if and when the aggrieved employee resigned her employment, and whether any of the conduct to which unknown aggrieved employee was subjected falls within the statute of limitations." Motion at 5-6. For the reasons described below, the Court should reject Defendant's attempt to force the EEOC to lay out a prima face case and hold the EEOC to a standard that far exceeds its obligations at the pleading stage.

As an initial matter, Defendant's insistence that the EEOC further define or narrow the scope of its class allegations impinges on the EEOC's authority as "the master of its own case.". *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002). That authority confers on the EEOC the ability to "evaluate the strength of the public interest at stake" and to allocate the use of its resources to seek relief on behalf of aggrieved employees. *Id.* at 291-92. Defendant asks the Court to curtail the EEOC's authority by forcing it to narrow the class allegations; doing so would impede the EEOC from being able to fully develop a class and seek remedies that are proportional to the actual severity and pervasiveness of the unlawful employment practices that took place. A narrower definition of the class may risk excluding unidentified class members. Second, narrowing the scope of the class, without the benefit of conducting discovery, would prevent the EEOC from identifying additional class members. As this litigation progresses, the size of the class may continue to grow as individuals come forward. *See Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1200 (9th Cir. 2016) (holding that EEOC may

seek relief on behalf of any unnamed class members it had yet to identify when it filed suit because "it would be illogical to limit [its] ability to seek classwide relief to something narrower than the abilities of private litigants").

Turning to Defendant's substantive argument, Defendant mischaracterizes the applicable pleading standard for the EEOC. The Supreme Court has articulated a clear standard the EEOC must meet: a complaint must only plead "enough facts to state a claim for relief that is plausible on its face"; that is, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Moreover, the Supreme Court has stated that a plaintiff bringing employment discrimination claims under Title VII does not need to plead a prima facie case of discrimination to survive a Rule 12(b)(6) motion to dismiss; it must simply provide the defendant with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

It is beyond dispute the EEOC has met these requirements. Although the EEOC agrees with Defendant that it "does not have to identify aggrieved employees by name in the Complaint," Motion at 6; *see also U.S. E.E.O.C. v. Pioneer Hotel, Inc.*, 2013 WL 3716447, at *3 (D. Nev. July 15, 2013) (citing *E.E.O.C. v. Bass Pro Outdoor World*, 884 F. Supp. 2d 499, 520-21 (S.D. Tex. 2012)), the EEOC contends that its Complaint satisfies the applicable pleading standard and is consistent with district courts' applications of the pleading standard to EEOC complaints. Defendant asserts that the EEOC must plead a prima facie case by providing certain information missing from the Complaint—including specific people to whom, places where, and times when harassment occurred and was complained about. Motion at 5-6. This is simply not required by the EEOC at this time. *Swierkiewicz*, 534 U.S. at 514.

The Ninth Circuit has not weighed in on the EEOC's pleading obligations in this context. But district courts in this Circuit evaluating the sufficiency of EEOC

complaints have interpreted *Twombly/Iqbal* by rejecting the level of specificity demanded by Defendant, stating that "[a] complaint containing allegations and factual statements that clearly put the defendant on notice that the instant action is based on the defendant's alleged discrimination on a particular protected basis against the charging party and other similarly situated employees beginning at a specific point in time is sufficient to survive a motion to dismiss." *U.S. E.E.O.C. v. Farmers Ins. Co.*, 24 F. Supp. 3d 956, 967 (E.D. Cal. 2014); *Pioneer Hotel, Inc.*, 2013 WL 3716447, at *3; *U.S. Equal Emp. Opp. Comm'n v. Marquez Bros. Int'l Inc.*, 2017 WL 4123915, at *7, n.4 (E.D. Cal. Sept. 18, 2017) (citing *Farmers* and noting that EEOC need not make prima facie showing at the pleading stage); *see also E.E.O.C. v. Fam. Dollar, Inc.*, 2008 WL 687284, at *2 (N.D. Ill. Mar. 12, 2008); *E.E.O.C. v. Man Mar, Inc.*, 2009 WL 3462217, at *2 (S.D. Fla. Oct. 22, 2009). In fact, relying on many these cases, this Court has recently stated that an EEOC complaint withstands Rule 12(b)(6) scrutiny when it "details the types of alleged discrimination, provides examples of the alleged harassment, retaliation, and hostile work environment, identifies the protected basis for the discrimination (female sex), and describes the perpetrators as 'male supervisors,'" as well as "provid[ing] a general description of the class of aggrieved individuals and the point in time at which the discrimination began." *U.S. Equal Emp. Opp. Comm'n v. Justin Vineyards & Winery LLC, et al.*, Case No. 22-cv-6039-PA, Docket No. 36 at 4-5 (C.D. Cal. Jan. 22, 2023).

The level of specificity provided by the EEOC in the Complaint also comports with the evaluation by district courts outside this Circuit of EEOC complaints. These courts confirm that the EEOC need not plead detailed factual allegations supporting the individual claims of every potential member of the class. *See, e.g., Equal Emp. Opp. Comm'n v. Geisinger Health*, 2022 WL 10208553, at *17 (E.D. Pa. Oct. 17, 2022); *E.E.O.C. v. United Parcel Serv., Inc.*, 2013 WL 140604, at *6 (N.D. Ill. Jan. 11, 2013). As to a class allegation, the EEOC need not

7

assume the pleading requirements of an individual plaintiff because the EEOC acts to vindicate the public interest in preventing employment discrimination. *See, e.g.*, *Equal Emp. Opp. Comm'n v. JBS USA, LLC,* 481 F. Supp. 3d 1204, 1214-15 (D. Colo. 2020). The EEOC must simply provide fair notice of the claims of the unidentified class members. *Id.* at 1206. Although it is true that some courts have described with greater specificity how the EEOC can satisfy *Twombly/Iqbal* and Federal Rule of Civil Procedure 8, the Ninth Circuit has never discussed the pleading standard with this level of precision. These courts have stated that a complaint is sufficient where it identifies: (1) the statutes that the employer allegedly violated; (2) the time frame in which the alleged violations occurred; (3) the names of at least one presently identified victim; (4) a general description of the class of aggrieved persons; (5) the specific claims alleged and their elements as to the charging party and the class of aggrieved persons; (6) the types of conduct to which the named claimants and the identified class members were subjected; and (7) the remedies being sought. *See, e.g.*, *Geisinger Health*, 2022 WL 10208553, at *17; *JBS USA, LLC,* 481 F. Supp. 3d at 1216; *United Parcel Serv., Inc.*, 2013 WL 140604, at *6; *EEOC v. 5042 Holdings Ltd.,* 2010 WL 148085, at *2 (N.D. W. Va. Jan. 11, 2010).

The EEOC's Complaint here is consistent with district courts' application of the applicable pleading standard nationwide. The Complaint comports with in-Circuit district courts' interpretation of *Twombly/Iqbal*, and it contains the more clearly delineated points articulated by district courts throughout the country—despite the fact that no court in this Circuit has ever stated the EEOC must include these details in its complaint.[1] The Complaint provides fair notice of the

---

[1] This Court recently noted that the EEOC need not plead each of these seven allegations to survive a motion to dismiss, and none of the district courts identifying these allegations hold that all seven elements are required; rather, these cases merely

unidentified class members' claims by plausibly asserting how Defendant, through its male supervisors and employees, has been subjecting a class of aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female) in violation of Title VII since at least March 2017. Complaint at 3-5. In addition to this class allegation, the EEOC provides specific and particularized factual allegations of these supervisors' conduct, which form the grounds upon which its claims of Title VII violation rests. Specifically, the EEOC alleges that Defendants' male supervisors engaged in conduct that included but was not limited to:

> Discussing anal sex, making comments about employees' breasts and buttocks such as "I can see you have been working out; that ass is getting big," demanding that an employee turn around and dance for them, stating they wanted to leave their wives for employees or they wished they did not have a wife, telling an employee she would look good in a bikini, commenting "that skirt is tight," telling an employee she was "hot" and had "the nicest lips," telling an employee a restaurant able was "wet like her pussy," commenting to an employee cleaning bottles: "It's hot the way you grip that; I wish I was that bottle," making inappropriate sexual jokes, and suggesting that an employee needed to be "fucked good" and "slapped in the face" because "she would probably like it. . . . leering at employees, rubbing genitals on an employee's back, giving an unsolicited gift of lingerie, smacking on the buttocks, groping on the buttocks and genitals, tickling on the arms, caressing and rubbing the back, and showing pornography to employees on a cell phone screen.

*Id.* at 4-5. The EEOC also alleges that Defendant's male non-supervisor employees engaged in conduct that included but was not limited to:

> Repeatedly rubbing genitals on employees from behind, making frequent comments about employees' bodies and buttocks in English and Spanish such as "big butt," "nalgas," and "nalguitas," unwanted hugging, making

explained that courts have denied motions to dismiss complaints that contain these seven allegations. *Justin Vineyards & Winery LLC*, Case No. 22-cv-6039-PA, Docket No. 36 at 4 n.1.

lewd sexual requests (including one co-worker stating that he would like to "put" or "see" his genitals in an employee's mouth), making repeated requests for dates, inappropriately touching employees' backs and buttocks, describing their own sex lives, and asking a lesbian employee about how lesbians have sex and whether she only likes women or also men.

*Id.* at 5. Further, throughout its Complaint, the EEOC asserts that, *inter alia*, Defendant's other managers and supervisors knew or should have known of this inappropriate conduct and that some of the class members have complained verbally and in writing to Defendant's supervisors and human resources team, but Defendants failed to take prompt remedial measures. *Id.* at 5-6.

The Complaint also provides specific factual allegations regarding Defendant's unlawful retaliatory acts against this class of aggrieved employees, such as "reducing the number of shifts or hours they worked; making an employee do more burdensome work by cleaning the bar more often than other employees; refusing requests for time off; and issuing threats and engaging in threatening behavior." *Id.* at 6-7. The Complaint further states that many aggrieved employees continued to be subjected to sexual harassment and were subjected to threats and threatening behavior by managers and co-workers as a result of their complaints. *Id.* at 7. The Complaint also alleges that due to the "ongoing retaliation, including retaliatory harassment and intimidation, the sexually hostile work environment, and the failures by Defendant to take remedial measures, Charging Party and at least one other aggrieved employee were constructively discharged. Charging Party resigned in May 2019." *Id.*

Thus, it is clear that the Complaint provides numerous factual allegations of Defendant's discrimination against a class of aggrieved employees beginning in at least March 2017, which include sexually harassing comments, sexual advances, physical contact, adverse employment actions, failure to remediate unlawful employment practices, and allegations of constructive discharge based on the foregoing transgressions—this description is more than sufficient to withstand a

motion to dismiss (Complaint at 3-7). *Pioneer Hotel, Inc.*, 2013 WL 3716447, at *3; *E.E.O.C. v. Spoa, LLC*, 2013 WL 5634337, at *6 (D. Md. Oct. 15, 2013) (denying a Rule 12(b)(6) motion where the EEOC's complaint did not provide identities of any of the class members, but set forth detailed facts of sexual conduct and comments showing unwelcome, severe, and pervasive conduct, for which the employer may be eld accountable). In other words, the Complaint identifies (1) the statutes Defendants allegedly violated; (2) the time frame in which the alleged violations occurred; (3) the identity of the Charging Party; (4) a general description of the class of aggrieved persons; (5) the specific claims alleged and their elements as to the charging party and the class of aggrieved persons; (6) the types of conduct to which the Claimants and the unidentified class were subjected; and (7) the injunctive and monetary relief being sought, all of which comprise a plausible complaint within the meaning of Rule 8 and 12(b)(6). *See JBS USA, LLC*, 481 F. Supp. 3d at 1216; *Geisinger Health*, 2022 WL 10208553, at *17; *UPS*, 2013 WL 140604, at *6; *5042 Holdings Ltd.*, 2010 WL 148085, at *2

Defendant's core argument is that greater specificity in the Complaint is required for each of the unidentified class members. However, Defendant fails to cite to any controlling authority to support this heightened pleading standard. In fact, courts have rejected the level of specificity demanded by Defendant. *See, e.g.*, *U.S. Equal Emp. Opp. Comm'n v. Bay Club Fairbanks Ranch, LLC*, 2019 WL 414518, at *1 (S.D. Cal. Feb. 1, 2019) (stating that the requirement to plead "the who, what, when, where, and how" is "akin to the level required to plead fraud," which has no basis under Title VII); *Pioneer Hotel, Inc.*, 2013 WL 3716447, at *3 (denying motion to dismiss, where complaint alleged specific discriminatory conduct by defendant, identified the department where the discrimination took place, alleged a classification upon which discrimination was made, and identified at least one aggrieved individual); *Justin Vineyards & Winery LLC*, Case No. 22-cv-6039-PA, Docket No. 36 at 4 (citing *Bay Club Fairbanks Ranch, LLC* and

11

PLATINFF EEOC'S OPPOSITION TO DEFENDANT IL FORNAIO'S MOTION TO
DIMSISS, OR IN THE ALTNERAIVE, FOR A MORE DEFINITE STATEMENT

*Pioneer Hotel, Inc.* to support the point that courts in this Circuit "have refused to apply heightened pleading requirements to Title VII claims").

Although Defendant cites to some district court cases in this Circuit, each of these cases is distinguishable from this case and should not persuade the Court that the EEOC has not met its pleading obligations. Defendant first aims to rely on *Equal Emp. Opp. Comm'n Sanchez v. Evans Fruit Co., Inc. Marin*, 2012 WL 12866311 (E.D. Wash. Nov. 27, 2012), to support its argument that the Complaint "aggregate[s] and mismatch[es]" its allegations to apply to all class members. Motion at 11. However, that case is not applicable here, because the *Evans Fruit Co.* Court was addressing the evidence required for summary judgment. *Evans Fruit Co., Inc. Marin*, 2012 WL 12866311, at *3. Here, Defendant presents a motion to dismiss based on the sufficiency of the Complaint. The Commission's obligations at summary judgment differ considerably from its pleading obligations, which is merely to provide the defendant fair notice of the basis for [its claims; thus, the Court's discussion in *Evans Fruit Co.* is irrelevant at this stage of litigation.

Defendant also relies heavily on *E.E.O.C. v. La Rana Haw., LLC*, 888 F. Supp. 2d 1019 (D. Haw. Aug. 22, 2012). Motion at 14. However, that case is factually distinguishable as well. In *La Rana,* the court was addressing a motion to dismiss the harassment claim by defendant ALTRES, Inc., which the EEOC alleged was under contract with defendant La Rana to provide employees. *See La Rana Haw., LLC*, 888 F. Supp. 2d at 1022. What was critical to the Court's decision was that ALTRES, Inc. contracted with La Rana only between June 2007 and December 2008. *Id.* at 1046. Thus, ALTRES could only be liable for harassment that occurred during the contractual period. *Id.* at 1046-47. Also, because there were two defendants, the court found that the complaint needed to allege the wrongdoing that was assigned to each defendant. *Id.* at 1046. Because the complaint lacked details as to the dates of the harassment and the misconduct that would make ALTRES liable, the court granted ALTRES's motion to dismiss as to the harassment claim,

but allowed the EEOC to amend its complaint. *Id.* at 1047. Here, the Complaint alleges that Defendant was the employer for the entire period when the sexual harassment and other unlawful conduct occurred. Complaint at 2. Unlike the *La Rana* complaint with respect to defendant ALTRES, the allegations in the EEOC's Complaint in this case, if proven, leave no doubt as to Defendant's liability for the asserted violations of laws. Thus, *La Rana* does not have any persuasive value to the EEOC's pleading requirements in this case.

Defendant also relies on *La Rana* to support its argument that the Complaint fails to adequately plead constructive discharge. But the *La Rana* court relied on the fact that the complaint failed to allege that the charging party actually quit; and even assuming that she had quit, the complaint failed to allege that any claimant suffered intolerable working conditions such that they were forced to resign. *La Rana Haw., Inc.*, 888 F. Supp. 2d at 1047. By contrast, the Complaint in this case affirmatively states that Charging Party resigned in May 2019 and at least one other aggrieved employee also left during the relevant period because they experienced and could no longer endure the "ongoing retaliation, including retaliatory harassment and intimidation, the sexually hostile work environment [described at length in the Complaint], and the failures by Defendant to take remedial measures." Complaint at 7. Thus, the holding of *La Rana* is not instructive in evaluating the sufficiency of the constructive discharge allegations in the Complaint.

Finally, Defendant cites to *U.S. Equal Emp. Opp. Comm'n v. Discovering Hidden Haw. Tours, Inc.*, 2017 WL 4202156 (D. Haw. Sept. 21, 2017) to support its argument for greater specificity for each aggrieved class members. Motion at 13. In that case, the court did not find the allegations to be sufficient to demonstrate an abusive working environment for a particular claimant in granting the motion to dismiss with leave to amend. *Discovering Hidden Haw. Tours, Inc.*, 2017 WL 4202156, at *10. However, the court was not addressing the issue of the level of specificity the Commission had to allege for a class of unidentified aggrieved

individuals. Thus, the holding of *Discovering Hidden Hawaii Tours* does not apply to the issue of the level of specificity the EEOC must allege for an unidentified class of aggrieved persons. Likewise, *Discovering Hidden Hawaii Tours* lacks any persuasive value regarding what is required to be alleged for EEOC's class claim of unidentified aggrieved individuals.

In short, the four corners of the EEOC's Complaint, taken as a whole, sufficiently pleads facts showing that Defendant, through its male supervisors and employees, subjected a class of aggrieved employees to sexual harassment, retaliation, and/or constructive discharge because of sex (female) in violation of Title VII since at least March 2017. As such, the EEOC respectfully requests that this Court deny Defendants' motion to dismiss the EEOC's Complaint under Rule 12(b)(6).

### ii.  Motion to Dismiss Class Allegations Should Be Denied

Defendant argues that the Court should dismiss the class claims brought on behalf of aggrieved employees similarly situated to Charging Party because the Complaint does not plausibly assert claims of the purported class. Motion at 15. Once again, Defendant misconstrues the EEOC's pleading requirements with regard to class allegations. As discussed *supra*, "[a] complaint containing allegations and factual statements that clearly put the defendant on notice that the instant action is based on the defendant's alleged discrimination on a particular protected basis against the charging party and other similarly situated employees beginning at a specific point in time is sufficient to survive a motion to dismiss." *Farmers Ins. Co.*, 24 F. Supp. at 967; *Pioneer Hotel, Inc.*, 2013 WL 3716447, at *3. Defendant's argument that the Complaint fails to plausibly assert the class members' claims is a mere repackaging of its prior argument that the EEOC was required to plead specific details regarding each aggrieved employee. Thus, Defendant's argument must fail.

Defendant claims that the EEOC aims to "create a 'class' based on

14

what appear to be allegations of what happened primarily to Charging Party, without separating out what happened to other unknown or unidentified aggrieved individuals." Motion at 15. This argument wholly misrepresents the substance of the Complaint. Nowhere in the Complaint does the EEOC assert that Charging Party experienced every wrongful act described therein, nor does the EEOC state that every additional class member also experienced the full panoply of harassment and retaliation alleged. The Complaint's goal, consistent with the notice-pleading standard, is to "give the defendant fair notice of what the [EEOC's] claim is and the grounds upon which it rests" by offering a summary of facts that notify Defendant that it is liable for discrimination and retaliation in this case. *In re Marino*, 37 F.3d 1354, 1357 (9th Cir. 1994). Defendant's attempt to hold the EEOC to a higher pleading standard by misrepresenting the substance of the Complaint is inappropriate.

Defendant's argument appears to borrow from case law concerning class actions not involving the EEOC. This line of cases is inapplicable to a Complaint with class allegations brought by the EEOC because the EEOC is not subject to the procedural requirements of Rule 23. *Gen. Tel. Co. of the Nw., Inc. v. Equal Emp. Opp. Comm'n*, 446 U.S. 318, 334-34 n.16 (1980). For example, in support of its argument, Defendant relies on *Mendez v. H.J. Heinz Co., L.P.*, 2012 WL 12888526 (C.D. Cal. Nov. 13, 2012). However, that case is distinguishable from this case in several respects. First, *Mendez* is a Federal Rule of Civil Procedure 23 class action. Second, the mechanism to determine whether Rule 23 class allegations should be dismissed is through a motion for class certification. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007) (collecting cases). Setting aside the fact that a motion to dismiss class allegations is generally premature if filed before a motion to certify class allegations, *see id.*, the Supreme Court has stated in no uncertain terms that the EEOC "may seek specific relief for a group of aggrieved individuals without first obtaining class certification pursuant

to Federal Rule of Civil Procedure 23," *Gen. Tel. Co. of the Nw., Inc.*, 446 U.S. at 333-34.

Finally, Defendant's assertion that "a higher [pleading] standard should apply since an action by the EEOC is not a traditional class action with the same procedural safeguards" finds no support in existing case law.

Accordingly, Defendant's Motion to Dismiss the Class Allegations must be denied.

## C. In the Alternative, If the Court Grants the Motion to Dismiss, Leave to Amend Should Be Granted.

Should the Court elect to grant Defendant's Motion to Dismiss, the Commission requests that the Court deny the Motion's request that the Court not grant leave to amend.

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no requests to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Defendant argues that the Court should not grant leave to amend because the Commission has withheld details from the Complaint, and it accuses the Commission of doing so to foment a "fishing expedition." Motion at 16. First, even assuming the Commission has fallen short of its pleading requirements—which it vehemently disputes—the means of curing this shortcoming would be through amendment of the Complaint to include additional details sufficient to meet the requirements of Rule 8 and relevant case law. Defendant cannot argue that the Complaint fails to give them enough information, while simultaneously asserting that no amount of information will be enough to apprise them of the nature of the allegations against it.

Moreover, it is unclear the type of wrongdoing Defendant believes the Commission has engaged in that would preclude the opportunity to amend the

Complaint. The EEOC is not engaged in any sort of fishing expedition. Rather, it has diligently, for several years, investigated allegations of sexual harassment, retaliation, and constructive discharge against Defendant in compliance with the applicable federal laws and regulations. Neishlos Decl. ¶ 2. And it has commenced this lawsuit only after it completed its investigation and attempted to conciliate this case in good faith with Defendant. Defendant's assertion that the EEOC is engaging in a fishing expedition is unfounded.

### D. As the Complaint Is Intelligible and Provides a Sufficient Basis for Defendants to Answer the Complaint, Defendants' Motion for a More Definite Statement Should Be Denied.

Rule 12(e), in pertinent part, provides:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

FED. R. CIV. P. 12(e). A motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a)(2), the purpose of which is to give a defendant fair notice of the claim and the grounds upon which it rests. FED. R. CIV. P. 8(a)(2) (a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief"); FED. R. CIV. P. 8(e); *Twombly*, 550 U.S. at 555. Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules. *Sagan v. Apple Comp., Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

"Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005) (*citing Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993)); *see also San Bernardino Pub. Emps.*

*Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996). "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Beery*, 157 F.R.D. at 480 (*citing Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981)); *see also Neveau v. City of Fresno,* 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005); *Voggenthaler v. Md. Square, LLC*, 2010 WL 2998253, at *2 (D. Nev. July 22, 2010). In fact, "[p]arties are *expected* to use discovery, not the pleadings, to learn the specifics of the claims being asserted." *Sagan*, 874 F. Supp. at 1077 (emphasis added).

In its Motion, Defendant does not allege that the EEOC's Complaint is unintelligible. Rather, Defendant mischaracterizes the EEOC's Complaint as lacking details "regarding the circumstances applicable to each aggrieved employee[.]" Motion at 17. This is not an appropriate basis to ground a Rule 12(e) motion; therefore, Defendant's Motion is meritless and should be denied. *See Sequel Contractors*, 402 F. Supp. 2d at 1147; *see also San Bernardino Pub. Emps. Ass'n*, 946 F. Supp. at 804.

Further, the express language of the Complaint refutes Defendants' arguments regarding the lack of specificity. Here, the Complaint apprises Defendant of the nature and substance of the claims being asserted against it, namely that Defendant subjected the Charging Party and a class of aggrieved employees to ongoing, unwelcome, severe, and pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating hostile work environment because of sex (female); retaliated against the aggrieved employees for engaging in protected activities, including, but not limited to, verbal and written complaints to management; and subjected Charging Party and at least one other aggrieved employee to constructive discharge. Complaint at 3-7. The Complaint specifically alleges numerous examples of sexual comments, advances, demands, and acts perpetrated by Defendant's male supervisors and the aggrieved employees' male co-workers. *Id.* at 3-4. The Complaint also alleged specific examples of retaliation

against employees for engaging in protective activity. *Id.* at 5-6. For the reasons discussed *supra*, the Commission has met its pleading requirements and no additional details are necessary to meet its burden. *See Farmers Ins. Co.*, 24 F. Supp. 2d at 967; *Pioneer Hotel, Inc.*, 2013 WL 3716447, at *3.

Defendant's request for a more definite statement is also contrary to holdings from district courts denying Rule 12(e) motions where the information sought by the movant is readily obtainable in discovery. *See Famolare*, 525 F. Supp. at 949 (finding that a Rule 12(e) motion should be denied "where the information sought by the moving party is available and/or properly sought through discovery"); *Neveau*, 392 F. Supp. 2d at 1169 (Rule 12(e) motion should be denied where discovery can obtain the desired facts); *Justin Vineyards & Winery LLC*, Case No. 22-cv-6039-PA, Docket No. 36 at 6 (denying motion for definite statement where all information Defendants sought, including more detailed description of the class, could be obtained through discovery). Here, Defendant provides a list of the additional detail it seeks, including class members' identities, the dates and locations of alleged harassment, the perpetrators of the harassment, the identities of those who complained about harassment, Defendant's responses to those complaints, and the identities of class members who Defendant constructively discharged. Motion at 17. Setting aside that that the EEOC can seek relief for individuals situated similarly to the charging party and need not identify every potential class member, *see Farmers Ins. Co.*, 24 F. Supp. 2d at 967; *U.S. Equal Emp. Opp. Comm'n v. Dillard's Inc.*, 2011 WL 2784516, at *6 (S.D. Cal. July 14, 2011), the details Defendant seeks, including specific dates, the locations of harassment, and claimant identities, are readily available in discovery; and the Court should "expect[] [Defendant] to use discovery, not the pleadings, to learn the specifics of the claims being asserted." *Sagan*, 874 F. Supp. at 1077 (emphasis added).

Defendant claims not to know the "actual, factual basis" of the claims with

respect to each employee, Motion at 17; however, requiring the EEOC to provide more details than are already contained in its Complaint would be tantamount to requiring "evidentiary detail that may be the subject of discovery," to meet the plain notice pleading standard. *See Voggenthaler*, 2010 WL 2998253 at *2. Furthermore, the context in which Defendants are requesting a more definite statement, namely after having participated in the EEOC's investigation, also weighs against granting a motion for a more definite statement. *See Castillo v. Norton*, 219 F.R.D. 155, 164 (D. Ariz. 2003) ("If the [Defendant] would like to learn more about the facts underlying [Plaintiff]'s claim, it may do so by searching the EEOC charges in its own files or through the various discovery devices set forth in the Federal Rules.").

The EEOC's Complaint is intelligible and provides a sufficient basis for Defendants to answer the assertions therein. Accordingly, the EEOC respectfully requests that this Court deny Defendant's motion for a more definite statement.

## III.   CONCLUSION

Based on the foregoing, the EEOC respectfully requests that the Court deny Defendant's motion to dismiss and motion for a more definite statement.

In the alternative, the EEOC requests the opportunity to amend its Complaint.

Respectfully submitted,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date:  <u>February 1, 2023</u>          By:     <u>*/s/ M. Aaron Neishlos*</u>
Maurice Aaron Neishlos
EEOC Trial Attorney