1  Hope Anne Case (State Bar No. 157089)
   hcase@rutan.com
2  Brian C. Sinclair (State Bar No. 180145)
   bsinclair@rutan.com
3  Adrianna A. Rubino (State Bar No. 300951)
   arubino@rutan.com
4  RUTAN & TUCKER, LLP
   18575 Jamboree Road, 9th Floor
5  Irvine, California 92612
   Telephone:  714-641-5100
6  Facsimile:  714-546-9035

7
   Attorneys for Defendant
8  IL FORNAIO (AMERICA) LLC

9            UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11 | U.S. EQUAL EMPLOYMENT          | Case No. 2:22-CV-05992-SPG-JPR
12 | OPPORTUNITY COMMISSION,        |
   |                                | **DEFENDANT IL FORNAIO**
13 |            Plaintiff,          | **(AMERICA) LLC'S REPLY IN**
   |                                | **SUPPORT OF MOTION:**
14 |       vs.                      | **1.  TO DISMISS THE COMPLAINT,**
15 |                                | **    OR THE CLASS ALLEGATIONS**
   |                                | **    IN THE COMPLAINT, UNDER**
16 | IL FORNAIO (AMERICA) LLC; AND  | **    FEDERAL RULES OF CIVIL**
   | DOES 1-10, INCLUSIVE,          | **    PROCEDURE, RULE 12(b)(6);**
17 |                                | **    OR**
18 |            Defendants.         | **2.  FOR A MORE DEFINITE**
   |                                | **    STATEMENT UNDER**
19 |                                | **    RULE 12(e)**
20 |                                |
21 |                                | [Filed concurrently with Declaration of
22 |                                | Brian C. Sinclair]
23 |                                | **Hearing**
24 |                                | Judge:    Hon. Sherilyn Peace Garnett
   |                                | Date:     December 20, 2023
25 |                                | Time:     1:30 p.m.
   |                                | Dept.     5C
26 |                                |
27 |                                | Date Action Filed:   August 24, 2022
28 |                                | Trial Date:          Not Yet Set

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23

-1-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................1

II.  LEGAL ARGUMENT ........................................................................2

    A.  Il Fornaio Met and Conferred Before Filing the Motion ......................2

    B.  The Complaint Should Be Dismissed Because It Fails To Specify Which Aggrieved Employees Were Subject To What Conduct ..............................................................................2

        1.  The Harassment Claim Lacks Sufficient Specificity .................7

        2.  The Retaliation Claim Lacks Sufficient Specificity.................11

        3.  The Constructive Discharge Claim Lacks Sufficient Specificity ..................................................................11

    C.  The "Class" Allegations Should Be Dismissed, And The Action Should Proceed Only As To The Charging Party...................12

    D.  The Court Should Not Permit Leave To Amend ...............................13

    E.  If The Court Does Not Grant The Motion To Dismiss, It Should Require A More Definite Statement........................................14

III.  CONCLUSION ................................................................................15

Rutan & Tucker, LLP
*attorneys at law*

3065/037736-0007
18788357.5 a12/06/23

-i-

Case No.  2:22-CV-05992-SPG-JPR
Reply ISO Motion to Dismiss Or
For A More Definite Statement

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arizona ex rel. Horne v. Geo Grp., Inc.*,
   816 F.3d 1189 (9th Cir. 2016) .............................................................................. 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................ 3, 8

*EEOC v. ABM Indus. Inc.*,
   No. 1:07-cv-01428-LJO-TAG, 2008 WL 5385618
   (E.D. Cal. Dec. 23, 2008) ................................................................................. 14

*EEOC v. American Samoa Government*,
   2012 U.S. Dist. LEXIS 144324, 2012 WL 4758115
   (D. Hawaii Oct. 5, 2012) ................................................................................... 15

*EEOC v. Concentra Health Servs.*,
   496 F.3d 773 (7th Cir. 2007) .............................................................................. 3

*EEOC v. Dillard's Inc.*,
   No. 08-CV-1780-IEG (PCL), 2011 WL 2784516
   (S.D. Cal. July 14, 2011) .................................................................................. 14

*EEOC v. Evans Fruit Co.*,
   2012 U.S. Dist. LEXIS 169006 (E.D. Wash. Nov. 27, 2012) .............................. 2

*EEOC v. Farmers Ins. Co.*,
   24 F. Supp. 3d 956 (2014) ........................................................................ 6, 7, 10

*EEOC v. Justin Vineyards and Winery, LLC*,
   No. 22-6039 PA (RAOx) (C.D. Cal. Jan. 22, 2023) ........................................... 4

*EEOC v. Marquez Brothers Int'l, Inc.*,
   No. 1:17-cv-0044-AWI-EPG, 2017 WL 4123915, *1 (2017) ............................ 6

*EEOC v. Pioneer Hotel, Inc.*,
   No. 2:11-CV-01588-LRH, 2013 WL 3716447 (D. Nev. July 15, 2013) ............ 6

Rutan & Tucker, LLP
*attorneys at law*

3065/037736-0007
18788357.5 a12/06/23

-ii-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

**Page(s)**

*EEOC v. Prospect Airport Servs.*,
    621 F.3d 991 (9th Cir. 2010) ................................................................. 7

*Equal Empl. Opportunity Comm'n Sanchez v. Evans Fruit Co. Marin*,
    No. CV-10-3033-LRS, 2012 WL 12866311 (E.D. Wash. Nov. 27, 2012)........ 10

*Equal Empl. Opportunity Comm'n v. La Rana Haw., LLC*,
    888 F.Supp.2d 1019 (D. Haw. Aug. 22, 2012) ............................................ 8, 12

**FEDERAL CASES (CONT'D)**

*Faragher v. City of Boca Raton*,
    524 U.S. 775 (1998) ............................................................................. 7

*Freeman v. Oakland Unified School Dist.*,
    291 F.3d 632 (9th Cir. 2002) ................................................................ 15

*General Telephone Company of the Northwest, Inc. v. Equal Employment*
    *Opportunity Commission*,
    446 U.S. 318 (1980) ............................................................................. 12

*Leadsinger, Inc. v. BMG Music Publ'g*,
    512 F.3d 522 (9th Cir. 2008) ................................................................ 13

*Poland v. Chertoff*,
    494 F.3d 1174 (9th Cir. 2007) . (*See* Motion 13:21-15:5.) ................................. 12

*Raad v. Fairbanks N. Star Borough*,
    323 F.3d 1185 (9th Cir. 2003) .............................................................. 11

*Swierkiewicz v. Sorema, N.A.*,
    534 U.S. 506 (2002) ............................................................................. 3

*Taylor v. Donley*,
    2012 U.S. Dist. LEXIS 11660 (E.D. Cal. 2012) ................................................. 10

*U.S. EEOC v. Discovering Hidden Haw. Tours, Inc.*,
    CIVIL No. 17-00067 DWK-KSC, 2017 WL 4202156, *9-10, *13
    (D. Haw. Sept. 21, 2017)......................................................................... 8, 9, 10

Rutan & Tucker, LLP
*attorneys at law*

3065/037736-0007
18788357.5 a12/06/23

-iii-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

**Page(s)**

**FEDERAL STATUTES**

Title VII of the Civil Rights Act of 1964
(42 U.S.C. § 2000e *et seq.*).........................................................2, 4, 8, 10, 11, 12, 13

**RULES**

Federal Rules of Civil Procedure
  Rule 7-3 ....................................................................................................................2
  Rule 8(a)(2).............................................................................................................10
  Rule 12(b)(6) ..................................................................................................6, 8, 15
  Rule 12(e) ...............................................................................................................13
  Rule 23....................................................................................................................13

Rutan & Tucker, LLP
*attorneys at law*

3065/037736-0007
18788357.5 a12/06/23

-iv-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT

## I.      INTRODUCTION

The EEOC's opposition to Il Fornaio's motion to dismiss or for a more definite statement (the "Motion") does not justify the EEOC's refusal to allege more specific facts relating to the claims asserted in the Complaint to permit Il Fornaio to properly defend against the wide-ranging class action the EEOC seeks to pursue.

First, the EEOC incorrectly argues that Il Fornaio did not meet and confer regarding the Motion. This is not accurate.  Il Fornaio specifically met and conferred with the EEOC regarding its intent to file a motion to dismiss, for a more definite statement, and to stay the action pending a good faith conciliation process – Il Fornaio ultimately decided not to seek a stay pending a good-faith conciliation process.  (Sinclair Decl. ¶¶ 2-5.)

Second, the EEOC asserts that federal pleading standards permit it to assert generalized, aggregated, and non-specific allegations in the Complaint because it decides how "to allocate the use of its resources to seek relief on behalf of aggrieved employees" and forcing the EEOC to provide specificity would "impede the EEOC from being able to develop a class and seek remedies that are proportional to the actual severity and pervasiveness of the unlawful employment practices that took place."  (Opp. Brief, at p. 5:18-23.)  The Motion does not seek to direct the EEOC how to allocate its resources or impede it from being able develop a class and seek remedies.  Rather, the Motion asks the EEOC to provide information about the "class" it seeks to represent and the severity and pervasiveness of the conduct directed at class members.  This does not force the EEOC to allocate its resources in any particular way or infringe its right to develop the case.  Rather, it requires the EEOC to satisfy the *Iqbal-Twombly* standard, like all other parties litigating in federal court are required to follow.

The problem with the EEOC's Complaint is that it does not provide Il Fornaio with sufficient facts to understand what it is defending against or frame the scope of discovery.  While the EEOC is given some latitude in alleging class claims under

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23                                            -1-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

Section 706 of Title VII, it is not given the latitude it argues in its Opposition. *See, e.g.*, *EEOC v. Evans Fruit Co.*, 2012 U.S. Dist. LEXIS 169006, at \*11 (E.D. Wash. Nov. 27, 2012) (rejecting EEOC's attempt to "improperly 'aggregate' the claims of all the charging parties and the class members" regardless of whether the class members were personally subjected to the alleged misconduct). The EEOC feigns ignorance of the proper pleading requirements, even though it regularly includes such specificity in its Complaints. (*See* <u>Exs. 1-2</u> to Request for Judicial Notice ["RJN"], reflecting EEOC alleging more detailed information.)

Under the circumstances, the Complaint should be dismissed. Alternatively, the EEOC should be required to provide a more definite statement.

## II.   LEGAL ARGUMENT

### A.   Il Fornaio Met and Conferred Before Filing the Motion.

Contrary to the EEOC's assertion, Il Fornaio met and conferred with the EEOC before filing the Motion. (Sinclair Decl. ¶¶ 2-6.) During the Parties' meet-and-confer efforts, Il Fornaio's counsel specifically discussed with the EEOC its intent to file a motion to dismiss, for a more definite statement, and to stay the action pending a good-faith conciliation process. (*See* Sinclair Decl. ¶¶ 2-6.) As part of the meet-and-confer process, Il Fornaio's counsel also discussed a potential resolution of the Motion, explaining that if the EEOC would voluntarily produce additional information, that could potentially avoid the Motion. (*Id.*) At the conclusion of the meet-and-confer conference, the EEOC asked Il Fornaio's counsel to send an e-mail with the type of information it needed to further evaluate the claims, which Il Fornaio's counsel did. (Sinclair Decl. ¶ 5, <u>Ex. 1</u>.)

Hence, Il Fornaio's counsel complied with its meet-and-confer obligations under Local Rule 7-3. (C.D. Cal. L.R. 7-3.)

### B.   The Complaint Should Be Dismissed Because It Fails To Specify Which Aggrieved Employees Were Subject To What Conduct.

Contrary to the EEOC's argument, courts have not "rejected the level of

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23

-2-

Case No.  2:22-CV-05992-SPG-JPR
Reply ISO Motion to Dismiss Or
For A More Definite Statement

specificity demanded by [Il Fornaio]." (Opp 11:17-19.)  The EEOC concedes that the *Twombly-Iqbal* standard is the "clear standard the EEOC must meet." (Opp. 6:4-9.)  This standard does not "promote vagueness or reward deliberate obfuscation." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 780-82 (7th Cir. 2007); *see* Motion 3:22-5:4.  The EEOC relies on the *Swierkiewicz* decision to claim that its Complaint meets the minimum pleading standard, but *Swierkiewicz* involved a non-class action in which the "Swierkiewicz's pleadings 'detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination' . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002).

Significantly, the EEOC appears to understand this pleading requirement, having alleged the necessary detail in other Complaints it has filed against various parties.  For example, in a Complaint filed against a McDonald's franchisee in 2021, the EEOC not only details the misconduct against the charging party, but also against the 10 additional class members.  (Ex. 2 to RJN, at ¶¶ 25-125.)  Similarly, in a Complaint filed against Del Taco in September 2018, the EEOC not only identifies the specific misconduct against the charging party, but also the five other claimants at issue. (Ex. 1 to RJN, ¶ 18.)  Significantly, the lead EEOC attorney on the matters against McDonald's and Del Taco, Anna Park, is the same lead attorney on this matter.  Hence, it is clear that the EEOC knows how to properly plead sufficient facts in a class action Complaint asserting a Section 706 claim.  Il Fornaio does not seek to impose heightened pleading requirements on the EEOC, but rather seeks to hold the EEOC to the baseline threshold met in *Swierkiewicz*, where detailed events, relevant dates, and relevant persons were all alleged.

The EEOC further argues that the Complaint provides "fair notice of the unidentified class members' claims by plausibly asserting how Defendant, through its male supervisors and employees, ha[d] been subjecting a class of aggrieved

Rutan & Tucker, LLP
*attorneys at law*

3065/037736-0007
18788357.5 a12/06/23

-3-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating, and hostile work environment because of sex (female) in violation of Title VII since at least March 2017" (Opp. 8:24-9:6), but the actual Complaint reflects otherwise. In particular, the Complaint explicitly alleges facts only with respect to the Charging Party and *one management employee, Chef Luis Escobar*, who is named as an alleged manager who engaged in harassing conduct. The rest of the allegations are generalized and combined, purportedly applying equally to all class members while failing to identify what specifically happened to any class member. (*See* Motion 5:8-8:20.) As set forth above, the EEOC understands how to properly allege sufficient facts in Section 706 actions. (RJN, Exs. 1-2.)

The EEOC nonetheless argues that Il Fornaio's "insistence that the EEOC further define or narrow the scope of its allegations" to provide sufficient details for Il Fornaio to intelligently respond to the Complaint "impinges on the EEOC's authority as 'the master of its own case'" and would curtail the "EEOC's authority by forcing it to narrow the class allegations." (Opp. 5:14-23.) Here, however, the EEOC has *not defined the class at all* – the Complaint provides no indication of the number of class members, whether the class members span one or multiple of Il Fornaio's 19 locations (*see* Compl. [Dkt. No. 1] ¶ 6 ["Defendant owns and operates several fine dining Italian restaurants in California."]), or which years the class members worked. In citing to stray comments purportedly made by unidentified "male supervisors" and physical conduct, stray comments, and requests for dates made by unidentified "non-supervisor employees," the Complaint amounts only to isolated *examples* that are generalized and do not provide Il Fornaio any idea of the scope of the allegations. (Opp. 9:6-10:5.) Even according to the EEOC's own proffered authority, it at least "must provide some indication of the scope of class." *EEOC v. Justin Vineyards and Winery LLC*, No. 22-6039 PA (RAOx), Dkt. No. 36, p. 4 n.1 (C.D. Cal. Jan. 22, 2023) (internal quotation marks omitted). The EEOC

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23

-4-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

1  has not.

2       Moreover, the Opposition confirms the overall confusion with the timeframe,

3  arguing the Complaint pleads conduct going back to "at least March 2017."  (Opp.

4  9:5-6; *see* Motion 6:22-7:11.)  March 2017 is nearly *six* years ago.  Il Fornaio has no

5  idea whether this date is what the EEOC claims to be the relevant time for one, or

6  multiple, aggrieved employees and whether the relevant time frames relating to the

7  aggrieved employees and the events at issue overlap or differ.   The timing is

8  significant because it determines whether the claims, which appear old on their face

9  given the March 2017 date, are barred by the statute of limitations.  *Arizona ex rel.*

10  *Horne v. Geo Grp., Inc.,* 816 F.3d 1189, 1194, 1204 (9th Cir. 2016).

11       In addition, citing two pages of the Complaint, the EEOC argues that

12  "throughout its Complaint, the EEOC asserts that, *inter alia*, Defendant's other

13  managers and supervisors knew or should have known of [the] inappropriate conduct

14  and that some of the class members have complained verbally and in writing to

15  Defendant's supervisors and human resources team, but Defendants failed to take

16  prompt remedial measures."  (Opp. 10:4-9.)  The two cited pages of the Complaint

17  (pages 5 and 6), however, cite no such facts but just more of the same few

18  generalities that apply to an unknown group of unidentified employees for whom Il

19  Fornaio has no idea who they are, what positions they held, where they worked, how

20  many experienced the alleged misconduct, or any other specific facts:

21       –   "Charging Party and similarly aggrieved individuals complained about

22           the harassment numerous times throughout the relevant period, but

23           Defendant failed to take adequate steps to address the sexual

24           harassment and conduct."  (Compl. ¶ 16)

25       –   "Since at least 2015, Defendant knew or should have known of the

26           hostile work environment.  The sexually charged and inappropriate

27           actions and comments by the male supervisors and coworkers were

28           ubiquitous, open, frequent, and consistent in nature.  Such behavior and

Rutan & Tucker, LLP
*attorneys at law*

3065/037736-0007
18788357.5 a12/06/23

-5-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

1        comments were often within earshot or plain sight of Defendant's

2        other managers or supervisors." (Compl. ¶ 17)

3     &ndash;   "As early as 2016, Charging Party and other similarly aggrieved

4        employees complained verbally and in writing to supervisors,

5        management, and Human Resources personnel about the harassment

6        and hostile work environment they endured." (Compl. ¶ 18)

7        By requesting more detail, Il Fornaio is not arguing that the EEOC must

8 "plead a prima facie case of discrimination to survive a Rule 12(b)(6) motion to

9 dismiss." (Opp. 6:9-14.) As the EEOC's own case provides, "while a plaintiff need

10 not plead facts constituting all elements of a *prima facie* employment discrimination

11 case in order to survive a motion to dismiss, courts look to those elements to analyze

12 a motion to dismiss – so as to decide, in light of judicial experience and common

13 sense, whether the challenged complaint contains sufficient factual matter, accepted

14 as true, to state a claim to relief that is plausible on its face." *EEOC v. Farmers Ins.*

15 *Co.*, 24 F. Supp. 3d 956, 961 (2014). The cases within the Ninth Circuit the EEOC

16 cites are distinguishable because in those cases, the EEOC alleged more facts, and it

17 is those facts that got the agency past the pleading stage.

18        For example, in *EEOC v. Farmers Inc. Co.*, 24 F. Supp. 3d 956, 968 (2014),

19 the EEOC alleged the "other employees" were "in Defendant's Fresno, CA office,"

20 identified named class member John Yang in addition to the charging party, and

21 alleged specific conduct that occurred to both the complaining party and Mr. Yang.

22 In *EEOC v. Pioneer Hotel, Inc.*, No. 2:11-CV-01588-LRH, 2013 WL 3716447, *3

23 (D. Nev. July 15, 2013), the EEOC alleged the class was within a Laughlin, Nevada

24 facility and identified the four departments within which the harassers worked and

25 allegedly subjected the charging party and the aggrieved class to a hostile work

26 environment. In *EEOC v. Marquez Brothers Int'l Inc.*, No. 1:17-cv-0044-AWI-

27 EPG, 2017 WL 4123915, *1 (2017), a discriminatory pattern and practice case, the

28 EEOC identified the locations at issue: a Hanford, California facility and other

Rutan & Tucker, LLP
*attorneys at law*

3065/037736-0007
18788357.5 a12/06/23

-6-

Case No. 2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

1  affiliated locations in Fresno, Los Angeles, Sacramento, and San Diego, California;
2  Houston and Dallas, Texas; Aurora, Colorado; and Las Vegas, Nevada.

3          These types of facts are not present in the instant Complaint.  Instead, by
4  lumping all claimants together in the generalized allegations, the Complaint requires
5  Il Fornaio and the Court to make unwarranted deductions that all of the claimants
6  regardless of their positions, locations, or management chain-of-command were
7  subjected to identical conduct regardless of their specific circumstances.  Under
8  "judicial experience and common sense," this is unintelligible and does not meet the
9  *Twombly*/*Iqbal* standard of "containing sufficient factual matter" to state a claim to
10 relief that is plausible on its face.  *Farmers Ins. Co.*, 24 F. Supp. 3d at 961.

11              **1.     The Harassment Claim Lacks Sufficient Specificity.**

12         The EEOC's harassment allegations are found in Paragraphs 15-21 of the
13 Complaint  (*see* Compl. ¶¶ 15-21.)   Critically, these allegations fail to identify:
14 (1) any specificity as to any particular aggrieved employee, other than the Charging
15 Party, rendering the Complaint implausible as to the class; (2) which of the
16 purportedly aggrieved employees experienced what harassing comments or actions,
17 such as who allegedly said or did what to each aggrieved employee; (3) how
18 frequently an individual aggrieved employee was subjected to unwelcome conduct
19 based on her sex; (4) the locations at which the alleged harassment occurred; (5) any
20 of the coworkers or managers who allegedly made the statements or engaged in other
21 inappropriate conduct, apart from identifying Chef Luis Escobar; (6) any concrete
22 timeframe when the harassment allegedly occurred; (7) which of the purportedly
23 aggrieved employees complained regarding the alleged harassment, when, and how;
24 or (8) which of the aggrieved employees was retaliated against or constructively
25 terminated.  (*See* Motion 8:22-11:19.)

26         Without more specific allegations, it is impossible to determine what
27 claimants suffered severe or pervasive conduct.  *See EEOC v. Prospect Airport*
28 *Servs.*, 621 F.3d 991, 998 (9th Cir. 2010), *quoting Faragher v. City of Boca Raton*,

Rutan & Tucker, LLP
*attorneys at law*

3065/037736-0007
18788357.5 a12/06/23

-7-

Case No.  2:22-CV-05992-SPG-JPR
Reply ISO Motion to Dismiss Or
For A More Definite Statement

524 U.S. 775, 788 (1998) ("'Title VII is not a 'general civility code.'  A violation is not established merely by evidence showing 'a sporadic use of abusive language, [] jokes, and occasional teasing.'"); *U.S. EEOC v. Discovering Hidden Haw. Tours, Inc.*, CIVIL No. 17-00067 DWK-KSC, 2017 WL 4202156, *9-10, *13 (D. Haw. Sept. 21, 2017) (granting motion to dismiss harassment claim where "[t]he alleged comments regarding 'sexual stuff' made during his recruitment and at unspecified times and of unspecified duration during his employment d[id] not meet the legal standard for an actionable claim").

The EEOC's efforts to distinguish *EEOC v. La Rana Haw., LLC*, 888 F. Supp. 2d 1019 (D. Haw. Aug. 22, 2012) and *U.S. EEOC v. Discovering Hidden Haw. Tours, Inc.*, CIVIL No. 17-00067 DWK-KSC, 2017 WL 4202156, *9-10, *13 (D. Haw. Sept. 21, 2017) are not persuasive.  While the court in *La Rana Haw.* determined that some of the allegations were insufficient because the EEOC failed to allege facts sufficient to support its contentions that both defendants were the claimant's employer (*id.* at 1046), the court also concluded the allegations failed for reasons *that did not have to do with the joint employment inquiry*:

> [T]he Complaint also offers little information regarding the identity of the alleged harassers.  Other than references to "the owner," [Complaint at ¶ 20(a),] and "Senor Frog's Human Resource Manager," [*id.* at 23(c),] the remainder of the Complaint refers collectively to "Defendant Employers," "management officials," and "employees."  Again, the EEOC cannot offer broad generalizations and must allege specifics with regard to the identities of the alleged harassers.

*La Rana Haw.*, *supra*, at p. 1047.  This failure was part of why the *La Rana Haw.* court found that the harassment cause of action brought by the EEOC under Title VII could not survive a Rule 12(b)(6) motion to dismiss, or meet the *Iqbal-Twombly* pleading standard.  *Id.* at 1046.  The Complaint in this action, similarly, fails to

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23

-8-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

1  identify the alleged harassers, and also leaves unclear many other key allegations, as
2  detailed above.

3       *Discovering Hidden Haw. Tours* also is relevant in this regard.   While
4  *Discovering Hidden Haw. Tours* did not involve a "class," it involved multiple
5  claimants.   As to each of these claimants, the EEOC alleged much more there than
6  here, including in what positions the claimants worked, the timing the claimants
7  were subjected to alleged harassment, the identity of the alleged harassers, and
8  specifics about the alleged offensive conduct that occurred.   For example, with
9  respect to one of the claimants, the EEOC alleged:   "Claimant 4 also worked as a
10 bartender, from July 2015 to August 2015, although the particular entity he worked
11 for is not specified.   Malagon allegedly subjected Claimant 4 to unwelcome sexual
12 comments while recruiting him for 'employment with Defendants' and continued to
13 make 'comments of a sexual nature during his employment.'   Complaint ¶ 19.e.   The
14 unwelcome sexual comments including asking what 'sexual stuff Claimant 4 was
15 into, and talking about sex parties and orgies.'   Complaint ¶ 19.e."   *Discovering*
16 *Hidden Haw. Tours*, 2017 WL 4202156, *9.   Despite a level of specificity, the court
17 found the allegations insufficient because the EEOC did not allege:   (1) the dates or
18 frequency of the comments; (2) whether Claimant 4 found the comments
19 subjectively offensively; or (3) whether the comments interfered with Claimant 4's
20 ability to perform his job.   *Id.* at *9-10.   If the allegations in *Discovering Hidden*
21 *Haw. Tours* did not suffice, it surely does not suffice as to a class alleged in this
22 action.

23      To be clear, Il Fornaio is not asking that the EEOC allege every act of
24 harassment that may have occurred against a claimant, but rather it must allege
25 sufficient facts that the individual claimants were subject to harassment.   As one
26 California federal court explained:

27           At the outset, the court finds that to the extent plaintiff has
28           attempted to state a hostile work environment claim, the

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23                                          -9-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

1    allegations of her second amended complaint are simply too
2    vague and conclusory to state a claim upon which relief can be
3    granted. In this regard, in her second amended complaint
4    plaintiff fails to name the individual or individuals involved in
5    the alleged actions and fails to provide the date on which any
6    alleged incident occurred. . . .  Although the Federal Rules of
7    Civil Procedure adopt a flexible  pleading policy, a complaint
8    must give the defendant fair notice of the plaintiff's claims and
9    must allege facts that state the elements of each claim plainly
10    and succinctly.

11    *Taylor v. Donley*, 2012 U.S. Dist. LEXIS 11660, *44-45 (E.D. Cal. 2012).

12       When the proper pleading standard is applied to the allegations by the EEOC
13    here, the result should be the same as *in La Rana Haw.*, *Discovering Hidden Haw.*
14    *Tours*, and *Taylor*.  Rather than providing specificity of the nature and frequency of
15    the misconduct directed at a particular aggrieved employee, the Complaint merely
16    suggests the possibility of actionable conduct based on aggregated allegations of
17    unwelcome conduct against undisclosed and unidentified class members.   This
18    attempt to state a Section 706 claim is legally insufficient, since "the complaint has
19    alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Ashcroft v.*
20    *Iqbal*, 556 U.S. 662, 679 (2009)] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.
21    8(a)(2)); *see also Equal Empl. Opportunity Comm'n Sanchez v. Evans Fruit Co.*
22    *Marin*, No. CV-10-3033-LRS, 2012 WL 12866311, at *3 (E.D. Wash. Nov. 27,
23    2012) (discussing the EEOC's attempt to "improperly 'aggregate' the claims of all
24    the charging parties and class members" to attempt to assert Title VII claims).[1]

25

26       [1] *Evans Fruit Co. Marin* is not "irrelevant at this stage of litigation" as the
     EEOC states because it is a summary judgment case.  Opp. 12:12-15.  As described
27    above, "courts look to [the] elements to analyze a motion to dismiss."  *U.S. E.E.O.C.*
28    *v. Farmers Ins. Co.*, 24 F. Supp. 3d 956, 961 (2014).

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23                    -10-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

In short, the harassment cause of action, as to the Charging Party or any other class member fails under the *Twombly-Iqbal* pleading standard.

### 2. The Retaliation Claim Lacks Sufficient Specificity.

The factual allegations supporting retaliation reside solely in Paragraphs 16, 18, and 21-22. (*See* Opp. 10:9-17, 18:28-19:1 [identifying the same allegations as supporting the retaliation cause of action].) The Opposition barely addresses this claim substantively. No retaliation claim is properly pleaded in the Complaint. (*See* Motion 11:21-13:19.)

While describing generally and collectively the nature of the purported retaliatory conduct, the Complaint does not allege: (1) which class members complained, nor when or how they complained; (2) how many or which class members were allegedly subject to retaliation; (3) the locations at which the alleged retaliation occurred; (4) any of the supervisors who allegedly engaged in these retaliatory acts; or (5) when these retaliatory acts occurred. *See Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185, 1197 (9th Cir. 2003) (to state a claim for retaliation under Title VII, a plaintiff must demonstrate that: (1) the employee engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action; conduct constituting a "protected activity" includes filing a charge or complaint, testifying about an employer's alleged unlawful practices, and engaging in other activity intended to oppose an employer's discriminatory practices).

### 3. The Constructive Discharge Claim Lacks Sufficient Specificity.

Paragraph 23 of the Complaint is the only constructive discharge allegation. That paragraph does not identify (1) any facts relating to the "at least one other aggrieved employee [who was] constructively discharged" apart from the Charging Party; (2) when that employee resigned (whoever she may be); (3) the location at which she worked; (4) the time period that she worked; (5) that she experienced intolerable working conditions; (6) any facts suggesting that

Rutan & Tucker, LLP
*attorneys at law*

3065/037736-0007
18788357.5 a12/06/23

-11-

Case No. 2:22-CV-05992-SPG-JPR
Reply ISO Motion to Dismiss Or
For A More Definite Statement

aggrieved employee resigned as a result of intolerable working conditions; and (7) that the aggrieved employee gave Il Fornaio notice and a reasonable chance to resolve the problem prior to resigning. *See Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) (an employee who quits his employment without giving his employer a reasonable chance to resolve the problem has not been constructively discharged). (*See* Motion 13:21-15:5.)

The *La Rana Hawaii* holding as to the one allegation of constructive termination under Title VII is directly on point. The court found the single allegation was insufficient because it did not "allege that any Claimant in the present litigation suffered such intolerable working conditions that she was forced to resign." *La Rana Hawaii*, *supra*, 888 F. Supp. 2d at 1047. That reasoning and holding applies with equal force here where the sole allegation fails to establish that any purported claimant was compelled to resign.

## C. The "Class" Allegations Should Be Dismissed, And The Action Should Proceed Only As To The Charging Party.

The EEOC misunderstands Il Fornaio's point regarding the failure of the class allegations. (*See* Motion 15:8-16:10.) The Opposition argues that Il Fornaio's argument "wholly misrepresents the substance of the Complaint" because "[n]owhere in the Complaint does the EEOC assert the Charging Party experienced every wrongful act described therein, nor does the EEOC state that every additional class member also experienced the full panoply of harassment and relation alleged." (Opp. 15:3-7.) By failing to tie specific allegations with specific employees, however, Il Fornaio cannot make heads or tails of what conduct is alleged as to whom – to the Charging Party, to some claimants, or to all claimants. The EEOC attempts to create a "class" based on what appears to be allegations of what happened primarily to the Charging Party, without separating out what happened to other unknown and unidentified aggrieved employees.

While under *General Telephone Company of the Northwest, Inc. v. Equal*

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23

-12-

Case No. 2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

*Employment Opportunity Commission*, 446 U.S. 318 (1980), the EEOC can seek classwide relief under § 706(f)(1) of Title VII without certifying a class under Rule 23, the EEOC is still required to comply with the *Iqbal-Twombly* pleading standard when it claims on behalf of a group of purportedly aggrieved employees.  The EEOC fails to provide any specifics with respect to the aggrieved employees – what harassing comments were made to each aggrieved employee, when, where, and by whom.  Hence, it is a stretch to say that all of the "class" of aggrieved employees were similarly situated or were subject to the same work experiences.

### D.     The Court Should Not Permit Leave To Amend.

Contrary to the EEOC's argument, Il Fornaio is not "argu[ing] that the Complaint fails to give [] enough information, while simultaneously asserting that no amount of information will be enough to apprise [] of the nature of the allegations." (Opp. 16:23-26.)  Rather, Il Fornaio argues the Complaint should be dismissed without leave to amend because the EEOC has had every opportunity to provide the necessary detail (three years, as admitted by the EEOC), including through the pre-Letter of Determination, conciliation process, pre-filing phases, and meet-and-confer process.  (*See* Opp. 17:1-4 [EEOC admitting it spent "several years" investigating the allegations]; *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (district court may deny leave to amend, among other reasons, due to "undue delay, bad faith or dilatory motive.").

The EEOC further maintains it is not engaging in a "fishing expedition," while at the same time arguing that the ambiguity in the Complaint can be fleshed out through discovery:

–     "[R]elief under Rule 12(e) is inappropriate because the information Defendant seeks will likely be produced in discovery." (Opp. ii:21-23.)

–     "[N]arrowing the scope of the class, without the benefit of conducting discovery, would prevent the EEOC from identifying additional class members.  As this litigation progresses, the size of the class may

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23

-13-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

1    continue to grow as individuals come forward." (Opp. 5:23-27.)

2    Of course, the EEOC cannot use discovery as a means of identifying claims it

3    did not discover during its investigation:

4    The EEOC enjoys significant latitude to investigate claims of

5    discrimination, and to allege claims in federal court based on

6    the results of its investigations, but there is a clear and

7    important distinction between "facts gathered during the scope

8    of an investigation and facts gathered during discovery phase

9    of an already-filed lawsuit" . . . Where the scope of its pre-

10   litigation efforts are limited – in terms of geography, number

11   of claimants, or nature of claims – the EEOC "may not use

12   discovery in the resulting lawsuit as a fishing expedition to

13   'uncover more violations.'"

14   *EEOC v. Dillard's Inc.*, No. 08-CV-1780-IEG (PCL), 2011 WL 2784516, at *7 (S.D.

15   Cal. July 14, 2011)(internal quotation marks omitted); *see also EEOC v. ABM Indus.*

16   *Inc.*, No. 1:07-cv-01428-LJO-TAG, 2008 WL 5385618, at *5 (E.D. Cal. Dec. 23,

17   2008)("The geographic scope of discovery is driven by the facts of the case.  To

18   ascertain the initial facts that are at least alleged by the EEOC, the Court looks to the

19   EEOC's complaint . . . .").

20   In short, the pleadings drive discovery, not the other way around.  Here, the

21   case should not even get to that point given the pleadings failure.

22   **E.     If The Court Does Not Grant The Motion To Dismiss, It Should**

23   **Require A More Definite Statement.**

24   The EEOC likewise misapprehends Il Fornaio's request for a more definite

25   statement. (*See* Motion 17:3-27.)  The Complaint is unintelligible not because it

26   fails to allege facts, but rather because it fails to provide even minimal specificity

27   regarding the circumstances applicable to the unidentified aggrieved employees.

28   Instead, the EEOC purports to apply its aggregated allegations to all of the aggrieved

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23

-14-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT

1  employees, whether or not the employees were subject to the conduct.  Il Fornaio is
2  left guessing (1) who was subjected to harassment and what specifically happened
3  to those individuals; (2) when and where the alleged harassment occurred; (3) who
4  committed the alleged harassment; (4) who complained about the alleged harassment
5  and to whom did they complain; (5) what happened when those individuals
6  complained; and (6) who was allegedly constructively discharged and was Il Fornaio
7  aware of those individuals' circumstances.   In order for Il Fornaio to properly
8  respond to the Complaint, it needs to know the actual, factual basis – to the extent
9  there is any – relating to each aggrieved employee.

10  Moreover, as set forth above, discovery is not the answer for the inarticulable,
11  hodgepodge that is the Complaint.  *See Freeman v. Oakland Unified School Dist.*,
12  291 F.3d 632, 637 (9th Cir. 2002) (finding that allegations "which surfaced for the
13  first time in plaintiff's First Amended Complaint, clearly would not have been
14  necessary to, or addressed in, the scope of an investigation [into the underlying
15  charge]"); *EEOC v. American Samoa Government*, 2012 U.S. Dist. LEXIS 144324,
16  *20-21, 2012 WL 4758115 (D. Hawaii Oct. 5, 2012) (explaining that "[t]his limit on
17  the scope of EEOC claims in a civil suit also serves to limit the discovery the EEOC
18  may conduct in a civil action").

19  ## III.   CONCLUSION

20  As explained above and more fully in Il Fornaio's Motion, Il Fornaio
21  respectfully requests that the Court grant its Rule 12(b)(6) motion to dismiss or, in
22  the alternative, require the EEOC to provide a more definitive statement.

23

24  Dated:  December 6, 2023                    RUTAN & TUCKER, LLP

25

26                                              By:      /s/ Brian C. Sinclair

27                                                  Brian C. Sinclair
                                                    Attorneys for Defendant
28                                                  IL FORNAIO (AMERICA) LLC

Rutan & Tucker, LLP
*attorneys at law*

3065/037736-0007
18788357.5 a12/06/23                            -15-                    Case No.  2:22-CV-05992-SPG-JPR
                                                                        REPLY ISO MOTION TO DISMISS OR
                                                                        FOR A MORE DEFINITE STATEMENT

1

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for Defendant Il Fornaio (America) LLC,

3 certifies that this brief contains 4,829 words, which complies with the word limit of

4 L.R. 11-6.1.

5

6 Dated:  December 6, 2023                    RUTAN & TUCKER, LLP

7

8                                                                By:  /s/ Brian C. Sinclair

9                                                                     Brian C. Sinclair
                                                                     Attorneys for Defendant
10                                                                    IL FORNAIO (AMERICA) LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

3065/037736-0007
18788357.5 a12/06/23                              -16-

Case No.  2:22-CV-05992-SPG-JPR
REPLY ISO MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT