Hope Anne Case (State Bar No. 157089)
hcase@rutan.com
Brian C. Sinclair (State Bar No. 180145)
bsinclair@rutan.com
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
Adrianna A. Rubino (State Bar No. 300951)
arubino@rutan.com
K. Bartlett Jordan (State Bar No. 329893)
bjordan@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendant
IL FORNAIO (AMERICA) LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

IL FORNAIO (AMERICA) LLC; AND DOES 1-10, INCLUSIVE,

Defendants.

Case No. 2:22-CV-05992-SPG-Ex
Honorable Sherilyn Peace Garnett
Courtroom 5C

**IL FORNAIO (AMERICA) LLC'S OPPOSITION TO PLAINTIFF EEOC'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING ON MOTION TO ENFORCE JAN. 8 ORDER (DKT. 176)**

**Hearing**

| | |
|---|---|
| Date: | May 27, 2026 |
| Time: | 1:30 p.m. |
| Dept.: | 5C |

| | |
|---|---|
| Date Action Filed: | August 24, 2022 |
| Discovery Cutoff: | June 17, 2026 |
| Pretrial Conference: | October 21, 2026 |
| Trial Date: | November 3, 2026 |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 4
II. THE EXTRAORDINARILY HIGH LEGAL STANDARD FOR DISTURBING THE MAGISTRATE JUDGE'S RULING .......... 5
III. THE MAGISTRATE JUDGE'S RULING DENYING ENFORCEMENT OF THE JANUARY 8, 2026 ORDER .......... 5
IV. THE EEOC'S MOTION AND REQUESTED RELIEF EXCEEDS THE BOUNDS OF THE COURT'S REVIEWING AUTHORITY .......... 6
V. THERE IS NO BASIS IN THE RECORD FOR THE EEOC TO CONCLUDE THE LOGS CONTAIN OTHER RESPONSIVE ENTRIES THAT HAVE NOT ALREADY BEEN PRODUCED .......... 8
VI. THE CASELAW RELIED UPON IN THE MAGISTRATE JUDGE'S RULING IS APPLICABLE .......... 11
VII. THE EEOC'S BURDEN ARGUMENT IS SPECULATIVE AND MISSES THE POINT .......... 12
VIII. THIS MOTION CONTINUES THE EEOC'S PATTERN OF OBSTRUCTING DISCOVERY AND FILING FRIVOLOUS MOTIONS TO DELAY DISCOVERY .......... 13
IX. CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Blight v. City of Manteca*,
266 F. Supp. 3d 1234 (E.D. Cal. 2017) .......... 5

*Crispin v. Christian Audigier, Inc.*,
717 F. Supp. 2d 965 (C.D. Cal. 2010) .......... 5

*Grimes v. City and County of San Francisco*,
951 F.2d 236 (9th Cir. 1991) .......... 5

*Perez v. State Farm Mutual Automobile Insurance Co.*,
No. C-06-01962 JW (PSG), 2011 WL 1362086 (N.D. Cal. Apr. 11, 2011) 11, 12

*Porter v. Gore*,
No. 18cv1221-GPC-LL, 2020 WL 1493615 (S.D. Cal. Mar. 27, 2020) ..... 11, 12

*Sundance Image Technology, Inc. v. Cone Editions Press, Ltd.*,
No. 02cv2258 B (AJB), 2005 WL 8173278 (S.D. Cal. Aug. 19, 2005) ...... 11, 12

**FEDERAL STATUTES**

28 U.S.C. section 636(b)(1)(A) .......... 5

## I. INTRODUCTION.

Plaintiff U.S. Equal Employment Opportunity Commission's (the "EEOC") Motion for Review of Magistrate Judge's Ruling on Motion to Enforce Jan. 8 Order (the "Motion") is nonsensical. The Motion seeks review of "only one issue: Defendant's search and production of relevant, responsive information contained in manager logs" (Motion (Dkt. No. 189), p. 1) despite the fact that: (i) manager logs were not included in the language of any of the underlying requests for production of documents at issue in the magistrate judge's initial order compelling further responses and production (the "Jan. 8th Order," *see* Dkt. No. 143), and (ii) responsive manager log entries that were located after a diligent search and reasonable inquiry to the requests as ordered and/or limited by the Jan. 8th Order were nevertheless produced by Il Fornaio. In other words, what the EEOC asks the Court for now – wholesale review and production of the manager logs – was never at issue in the EEOC's requests, and more importantly, the Jan. 8th Order for which the EEOC is purporting to seek Il Fornaio's further compliance with, and is way outside the scope of the Court's review of the magistrate judge's April 15th ruling denying further compliance with the Jan. 8th Order.

Indeed, as Il Fornaio previously explained in the underlying papers, despite the massive breadth and variance of documents Il Fornaio has produced in this matter (*see* Joint Stipulation (Dkt. No. 166), p. 45), spanning across over a decade and multiple locations – and totaling a massive 33,883 pages (*see id.*, p. 39) – the EEOC has arbitrarily recently honed-in on this one particular document type – manager logs – citing to one 3-page "policy" as the EEOC terms it (the proverbial needle in a haystack), which is a chart, produced amongst various other policies spanning the scope of over a decade to argue that Il Fornaio did not adequately search manager logs for responsive documents. The EEOC's argument is not only newfound (as it is not rooted in any of the underlying requests that were propounded, or compelled), but also nonsensical and circular, as the EEOC has used Il Fornaio's production of

responsive manager log entries to then argue that Il Fornaio did not adequately search and produce the logs.

As explained further below, the magistrate judge's order denying enforcement of the Jan. 8th Order (Dkt. No. 176) was not clearly erroneous and contrary to law on the manager log issue. Rather, through its Motion now, the EEOC continues its mischaracterizations and rampant speculation to make something out of what never was, out of a preoccupation for documents that it hopes exist rather than reference to the actual state of the documents and the evidence.

## II. <u>THE EXTRAORDINARILY HIGH LEGAL STANDARD FOR DISTURBING THE MAGISTRATE JUDGE'S RULING</u>.

The EEOC's burden to disturb the magistrate judge's ruling on its Motion is exceptionally high. Reconsideration can only be provided "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010) (internal quotation marks omitted). It does not allow the court to "simply substitute its judgement" for that of the magistrate judge. *Blight v. City of Manteca*, 266 F. Supp. 3d 1234, 1235 (E.D. Cal. 2017) (citing *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)).

Here, the magistrate judge did not commit any error, much less clear error contrary to law. The EEOC has not met its burden, and the Motion should be denied.

## III. <u>THE MAGISTRATE JUDGE'S RULING DENYING ENFORCEMENT OF THE JANUARY 8, 2026 ORDER</u>.

The Motion makes a lot of assertions about the magistrate judge's April 15, 2026 ruling which it seeks review of here (the "Apr. 15th Ruling"), as well as Il Fornaio's purported representations about the manager logs, without directly quoting to anything. This is ostensibly to obscure the actual state of the record.

The Apr. 15th Ruling (Dkt. No. 176), in reviewing all the EEOC's arguments presented in the EEOC's motion to enforce compliance with the Jan. 8th Order, generally held:

> The Motion questions the sufficiency of the document productions Defendant has made in purported compliance with the Magistrate Judge's Minute Order, filed January 8, 2026. On the record presented, the Magistrate Judge finds that, as ordered, Defendant conducted a reasonable and diligent search for responsive documents, including electronically stored information, within the compass of the Order and has produced all non-privileged responsive documented located thereby. Plaintiff's asserted belief that there may exist additional non-privileged responsive documents within the compass of the Order that should have been located by a reasonable and diligent search, and thereafter should have been produced, does not justify any of the remedies sought in the Motion. [citing various authorities]

To be clear, the Apr. 15th Ruling did not make any ruling as to the production of manager logs specifically. Indeed, it could not; as conceded by the EEOC, the EEOC did "not issu[e] a specific request for production as to manager logs." Motion (Dkt. No. 189), p. 2 n.1. Likewise, nothing in the magistrate judge's Jan. 8th Order (*see* Dkt. No. 143) compelled manager logs specifically, again because it could not. How could the magistrate judge compel something that was not asked for?

**IV. <u>THE EEOC'S MOTION AND REQUESTED RELIEF EXCEEDS THE BOUNDS OF THE COURT'S REVIEWING AUTHORITY</u>.**

The EEOC's instant Motion asks again for something outside of the bounds of what the magistrate judge even reviewed – for the Court to "order[] Defendant to

collect, search, and produce responsive ESI from manager logs for the relevant time period and across all restaurant locations." Motion (Dkt. No. 189), p. 4. This is not something that the EEOC ever asked for in any document request and not something that the magistrate judge compelled in the Jan. 8th Order. Moreover, as discussed in the underlying papers, Il Fornaio conducted an extensive ESI review, whereby it gathered over 1.5 million records from 51 custodians, and requested ESI from many more for whom Il Fornaio did not have ESI because the custodians did not have e-mail accounts. Joint Stipulation (Dkt. No. 166), p. 4. The EEOC interrupted the process of negotiating ESI when it filed its motion to compel, which became the subject of the Jan. 8th Order, and the Jan. 8th Order found that the EEOC could not dictate the methodology of Il Fornaio's ESI search. *Id.*, pp. 34-38; *see* also Jan. 8th Order (Dkt. No. 143), p. 2 ("However, the party propounding the requests for production is not entitled to dictate the particular manner in which the responding party must conduct this reasonable and diligent search."). Hence, the manager logs that were produced were not the result of "random, haphazard inclusion" as the EEOC puts it (Motion (Dkt. No. 189), p.2) ,but rather the extensive ESI search and the other searches Il Fornaio made outside of the ESI collection, such as separately reaching out to managers at each restaurant location for responsive documents as a means of collecting documents that may have existed with them at the restaurant sites, or otherwise. *See* Joint Stipulation (Dkt. No. 166), p. 45.

The magistrate judge's Apr. 15th Ruling was not clearly erroneous and contrary to law by not ordering further compliance with something Il Fornaio was never asked for, or compelled to, produce and which, in any event, it already produced to the extent responsive. Further, by now requesting more ESI (when the Jan. 8th Order said the EEOC could not dictate Il Fornaio's search methodology) and seeking documents that were not a part of the Jan. 8th Order, the EEOC's instant request for Il Fornaio to search and produce ESI from the manager logs actually goes against the Jan. 8th Order rather than seeking compliance with it.

## V. **<u>THERE IS NO BASIS IN THE RECORD FOR THE EEOC TO CONCLUDE THE LOGS CONTAIN OTHER RESPONSIVE ENTRIES THAT HAVE NOT ALREADY BEEN PRODUCED</u>**.

The EEOC's notion that the manager logs are a "repository of relevant, responsive information" is of the EEOC's own creation and fiction. Motion (Dkt. 189), p. 2. Without actually quoting any of Il Fornaio's contentions or statements directly, the EEOC makes various mischaracterizations about Il Fornaio's stance on the manager logs.

<u>*First*</u>, the EEOC states that "Il Fornaio does not dispute the relevance of manager logs." *Id.*, p. 1. That is not accurate. Il Fornaio maintains that the majority of the manager logs were not responsive to anything Il Fornaio was compelled to produce and the responsive portions located after a diligent search and reasonable inquiry were already produced:

> The management logs were not any stand-alone part of the EEOC's document requests or the Order, which limited the scope of various of the EEOC's document requests to "complaints of sexual harassment and corresponding retaliation (if any)." Order (Dkt. No. 143), p. 3. As is plain from the portions of the management logs the EEOC cites, ***<u>Il Fornaio produced the responsive portions of those logs, which are otherwise (and most of the time) used for and intended to capture myriad entries and purposes of Il Fornaio's restaurant operations, and are otherwise non-responsive here (e.g.</u>*****<u>, they capture if an employee was late for work or absent, whether there was a customer complaint about an employee, and various other non-relevant information.</u>**

Joint Stipulation (Dkt. No. 166), p. 44 (emphasis added). The EEOC's statement that "[a]s Defendant admits, manager logs record restaurant operations, meaning they contain logs of sexual harassment complaints" (Motion (Dkt. No. 189), p. 3) not only completely misconstrues and contradicts the ordinary meaning Il Fornaio provided to the phrase "restaurant operations" above, ***but misses the point that Il Fornaio has already produced those portions of the logs relating to sexual harassment complaints and corresponding retaliation located after a diligent search and reasonable inquiry***.[1] Indeed, the EEOC presumably first became aware that manager logs could include information pertaining to sexual harassment complaints because of the manager log entries Il Fornaio produced relating to sexual harassment complaints. That not as many manager log entries were produced as the EEOC may wish is not a function of the inadequacy of Il Fornaio's search but rather the incidence of sexual harassment complaints being much lower than what the EEOC desires. *See* Joint Stipulation (Dkt. No. 166), p. 41 (where the EEOC illogically argued in the underlying papers that "given the dearth of documents memorializing [sexual harassment] violations, Defendant did not search or produce this 'manager log'").

*Second*, there is nothing in the record to substantiate the EEOC's claims that the manager logs contain relevant information that has not been produced. The EEOC in its underlying papers tried to make three arguments, based on, (i) a "Violations Chart" document Il Fornaio produced, (ii) testimony from claimant Laura Pena, and (iii) documents Il Fornaio produced prior to Angela Herrera's deposition, but none of these provide support that the manager logs contain

[1] Likewise, the EEOC's arguments that Il Fornaio does not "deny that the logs exist, nor deny that restaurant managers logged sexual harassment complaints in the logs" (Motion (Dkt. No. 189), pp. 1-2) is neither here nor there as Il Fornaio's point is that those responsive log entries relating to sexual harassment complaints and corresponding retaliation were already produced following a diligent search and reasonable inquiry.

responsive information that Il Fornaio was compelled to produce by the Jan. 8th Order which it did not. As to the first, without actually quoting the "Violations Chart" document itself, the EEOC in the underlying papers described that "Defendant's policy about handling violations of 'inappropriate verbal remark or behavior,' or 'non-flagrant violation of anti-harassment and anti-discrimination policy' instructs restaurant management to handle violations at the restaurant level and make a record of such violation in the 'Mgr Log' . . . ." Joint Stipulation (Dkt. No. 166), p. 41. While the actual document cited identifies "Inappropriate verbal remark or behavior" (not necessarily of a sexual nature) as warranting a "note in Mgr Log," it does ***not***, however, list "non-flagrant violation of anti-harassment and anti-discrimination policy" as a "Mgr Log" note but rather as warranting a more serious "Final Written." Thus, the EEOC's contention that this chart, three pages of 33,883 total produced, directed that "non-flagrant violation of anti-harassment and anti-discrimination policy" be noted in the "Mgr Log" is simply untrue; it directed notation via Final Written warnings, which to the extent responsive, Il Fornaio has also already produced.

The EEOC's second argument, that Il Fornaio must search and produce relevant log information for each restaurant location because one particular claimant, Laura Pena, testified she reported to managers at her location so it "should have been recorded in manager logs" (Joint Stipulation (Dkt. No. 166), p. 41) is equally flawed. As Il Fornaio explained, the EEOC's conclusion did not logically follow; just because a claimant testifies she reported alleged sexual harassment, it does not mean that she actually did, or that documents automatically exist. *Id.*, pp. 43-44. Moreover, as Il Fornaio also explained, the manager of the Palo Alto location at which Ms. Pena worked, Stephanie Marcus, testified in her deposition that Ms. Pena never made any complaints (*see id.*, p. 44 (citing Marcus Dep. Tra. 140-141)), and Il Fornaio's review of ESI also did not disclose any complaints by Ms. Pena.

/ / /

The EEOC's third argument in the underlying papers, that Il Fornaio did not produce sufficient documents because it did not produce the entirety of the manager logs for the two restaurant locations where Angela Herrera worked prior to her deposition is just as illogical. As discussed above, there was no reason for Il Fornaio to do this. There was no document request or part of the Jan. 8th Order seeking/compelling the manager logs, and the scope of various of the EEOC's documents that were the subject of the Jan. 8th Order limited the scope of various of the EEOC's document requests to "complaints of sexual harassment and corresponding retaliation (if any)." Order (Dkt. No. 143), p. 3; *see* Joint Stipulation (Dkt. No. 166), p. 44. In addition, as discussed above, Il Fornaio produced the responsive portions of those logs, the majority of which contain non-responsive information.

Under this record, the Apr. 15th Ruling made no clear error contrary to law by denying the EEOC's motion to enforce the Jan. 8th Order; the Jan. 8th Order did not compel the manager logs, and with respect to ESI, it found that the EEOC could not dictate the methodology of Il Fornaio's search. Moreover, the EEOC's arguments above are based on speculation that the evidence in the record controverts.

## VI. <u>THE CASELAW RELIED UPON IN THE MAGISTRATE JUDGE'S RULING IS APPLICABLE</u>.

In addition, the *Porter*, *Perez*, and *Sundance Image Technology, Inc.* opinions the magistrate judge relied on in the Apr. 15th Ruling are not distinguishable in the way the EEOC presents. *See* Motion (Dkt. 189), pp. 2-3.

In *Porter v. Gore*, No. 18cv1221-GPC-LL, 2020 WL 1493615 (S.D. Cal. Mar. 27, 2020), the plaintiff argued he became aware of documents through a 30(b)(6) deposition which the defendant stated it either did not have or was unaware of. *Id.* at *4-5. Likewise, here claimant Laura Pena's testimony that she reported to managers at her location is refuted by countervailing testimony from the manager of Ms. Pena's location and the ESI review that Ms. Pena never made any complaints

(and hence leads to the conclusion that the purported additional entries in the manager logs the EEOC seeks are speculative and do not exist). The court there and the magistrate judge here were right in concluding that "[a] plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel." *Id.* at *5 (citations and quotations omitted).

In *Perez v. State Farm Mutual Automobile Insurance Co.*, No. C-06-01962 JW (PSG), 2011 WL 1362086 (N.D. Cal. Apr. 11, 2011), the "[p]laintiffs speculate[d] that '[defendant] may well' have responsive documents 'and simply is refusing to produce the[m]' but offer[ed] no evidence this is so." *Id.* at *5. The same is true here. As discussed above, the EEOC has offered no evidence there is additional responsive manager log entries that were not already produced. And, more significantly, the EEOC has not even established the Jan. 8th Order even compelled the manager logs in full (it did not).

*Sundance Image Technology, Inc. v. Cone Editions Press, Ltd.*, No. 02cv2258 B (AJB), 2005 WL 8173278 (S.D. Cal. Aug. 19, 2005) is likewise analogous. There, the Court held that while the defendant's response that there were no responsive documents or they had none "may not be the response that Plaintiff was looking for," it left "no justifiable reasons to seek a court order compelling further or supplemental production." *Id.* at *7. Here, too, that Il Fornaio's search did not yield what the EEOC preferred or was looking for does not render Il Fornaio's compliance with the Jan. 8th Order inadequate.

The magistrate judge was sound in relying upon these opinions.

## VII. THE EEOC'S BURDEN ARGUMENT IS SPECULATIVE AND MISSES THE POINT.

Like everything else, the EEOC's hypothetical burden argument that Il Fornaio did not make is speculative, and misses the point. *See* Motion (Dkt. 189), pp. 3-4. As Il Fornaio explained in the underlying papers, Il Fornaio in its operative responses did not assert a burdensome objection, even though the production

ultimately was quite burdensome. *See* Joint Stipulation (Dkt. 166), p. 48. During the ESI meet-and-confer discussions, Il Fornaio expressed its belief that the EEOC's demands were burdensome, overcomplicating the process, and way beyond the requirements of the Federal Rules. *See id.* The Court, in its Jan. 8th Order, ultimately agreed with Il Fornaio that the EEOC could not dictate how Il Fornaio was to conduct its reasonable and diligent ESI search. *See* Jan. 8th Order (Dkt. No. 143), p. 2 ("However, the party propounding the requests for production is not entitled to dictate the particular manner in which the responding party must conduct this reasonable and diligent search.") By asking the Court here to compel Il Fornaio to produce "ESI from manager logs" (Motion (Dkt. No. 189), p. 4) the EEOC is actually not seeking enforcement of the Court's Jan. 8th Order, but rather taking a third bite at the apple which it now has been denied twice and going against the Jan. 8th Order.

## VIII. <u>THIS MOTION CONTINUES THE EEOC'S PATTERN OF OBSTRUCTING DISCOVERY AND FILING FRIVOLOUS MOTIONS TO DELAY DISCOVERY</u>.

Throughout this matter, the EEOC has stacked up frivolous motions for protective orders, to quash, and to compel to delay discovery, and then sought review of those motions every time the magistrate judge has denied them. This includes recently (i) this Motion, (ii) the EEOC seeking a motion for a protective order, or in the alternative a motion to quash, regarding records protected by psychotherapy privilege (*see* Dkt. Nos. 121-122), which the magistrate judge denied (*see* Dkt No. 133), and the Court just denied (*see* Dkt. No. 182) after the EEOC sought review of the magistrate judge's ruling (*see* Dkt. No. 137), and (iii) the EEOC filing an *ex parte* application to stay enforcement with the magistrate judge's order denying the EEOC's motion to quash subpoena to EEOC investigator Richie Quinteros and motion for a protective order (*see* Dkt Nos. 172, 191), which the magistrate judge denied (*see* Dkt. No. 194), and further seeking review from this Court of the

magistrate judge's order denying the motion to quash subpoena/motion for a protective order (*see* Dkt. No. 190).

The EEOC's indiscriminate process of making meritless motions for the magistrate judge's review and then immediately following-up with motions for review to the Court upon their denial has led to a proliferation of motion practice for Il Fornaio, a waste of the Parties' and the Court's resources, and a needless protraction of the discovery process.

## IX. CONCLUSION.

The EEOC did not ask for the manager logs in the first place and, in any event, Il Fornaio already produced those portions that were responsive and/or compelled by the magistrate judge's Jan. 8th Order following its extensive collection and searches both through and outside ESI, both before and after the Jan. 8th Order. There is no basis in the record to suggest there are other responsive documents in the manager logs that were not already produced, just the EEOC's speculation and desire that there are.

The magistrate judge's order was sound on this point, and made no error, let alone clear and convincing error in denying further compliance with respect to the manager logs in connection with the Jan. 8th Order as that order did not even compel production of the manager logs in full (and indeed, could not do so, as the EEOC never even requested them). Accordingly, Il Fornaio respectfully requests that the Court deny the EEOC's nonsensical Motion in full.

Dated: May 6, 2026 By: ***/s. Brian C. Sinclair***

Brian C. Sinclair

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant IL FORNAIO (AMERICA) LLC, certifies that this brief contains 3,492 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated ___________ [date].

Counsel relies on the word count of the word-processing application used to prepare the brief.

Dated: May 6, 2026

By: ***/s/ Brian C. Sinclair***
Brian C. Sinclair